[Crim. No. 238.   Second Appellate District.—May 16, 1912.]

## THE  PEOPLE,  Respondent,  v.  PETE  MATSICURA, Appellant.

CRIMINAL LAW—OFFENSE OF PANDERING—PROCURING FEMALE INMATE OF HOUSE OF PROSTITUTION — AGREEMENT INSUFFICIENT — ACTUAL OCCUPANCY ESSENTIAL.—In order to constitute the criminal offense of pandering as defined in section 1 of the act of February 8, 1911 (Stats. 1911, p. 9), it is not sufficient that there is a mere intention, or unconsummated agreement to commit the offense of procuring a female inmate of a house of prostitution, or that a room therein is promised, but the actual occupancy of such room is essential to constitute the offense, and only when so occupied, and not before, is the statute violated, and if she never occupied the same, no offense is committed.

ID.—IMPROPER REFUSAL OF INSTRUCTIONS.—It is held that under the evidence appearing in the record that the female in question never became an inmate of the house of prostitution contemplated, upon the trial of a charge of pandering, that the court erred in refusing to instruct the jury at defendant's request that if they believed from the evidence that the defendant procured a place for such female in a house of prostitution, and the prosecution has failed to prove that she became an inmate of any such house, it was their duty to acquit the defendant, and also in refusing to instruct them that the prosecution must prove beyond a reasonable doubt that said female became an inmate of a house of prostitution.

ID.—EVIDENCE JUSTIFYING AN INSTRUCTION TO ACQUIT.—It is held that the evidence appearing in the record is such that the defendant was entitled to an instruction directing the jury to acquit, on the ground that the offense charged was not shown to have been committed.

ID.—OFFENSE CHARGED DISTINCT FROM ABDUCTION.—The offense of pandering charged under section 1 of the act of February 8, 1911, has no relevance to or connection with the offense of abduction as defined in section 267 of the Penal Code. There is a marked distinction between the two offenses, and the authorities relating to abduction have no application to the offense here involved.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. G. W. Nicol, Judge Presiding.

The facts are stated in the opinion of the court.

Thos. Scott, and J. R. Dorsey, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—An information was filed against the defendant charging him with the crime of pandering, in that "on or about the twelfth day of July, 1912, at and in the said county of Kern, state of California, and prior to the filing of this information, he did then and there willfully, unlawfully and feloniously procure for a female person, to wit: June McIntosh, a place as inmate of a house of prostitution, said house of prostitution being then and there situate at No. 2131 M street in the city of Bakersfield, county of Kern, state of California."

Trial was regularly had and the defendant was found guilty by the verdict of a jury, and from the judgment pronounced, and from an order denying a new trial, defendant appeals.

The undisputed facts in the record may be briefly stated as these: At the date alleged in the information, and for many months prior thereto, defendant was and had been the owner or lessee of a house devoted to purposes of prostitution; this house containing many rooms occupied by harlots plying their vocation. Many months prior to the date alleged in the information the girl June McIntosh had been one of these inmates. She, however, had left the premises and gone to Stockton. On July 12th she wired defendant to come to Stockton or send a ticket at once. Defendant, through the proper channel, procured a ticket to be delivered to her, and she arrived in Bakersfield on the morning of the 13th of July. The woman went from the depot to the house of defendant and awakened him. Not yet having had her breakfast, defendant went with her to a restaurant, where they breakfasted. While at breakfast the defendant was arrested, charged with the offense set out in the information. The woman did not have sexual intercourse with anyone after her arrival at Bakersfield, did not go to any room or place designated by defendant or any other person, or actually enter any house of prostitution or place designed for such purpose. It is shown, however, that she did at breakfast ask defendant, "Is my crib ready for me?" the defendant answering: "No, not yet, but after breakfast I will fix it up for you." That was all that was said. Defendant did not designate what particular room she was to have, but pointed out some back rooms and said, "You may have one of these"; that his front rooms were all occupied. This is a summary of the evidence appearing in the record.

Section 1 of the act of February 8, 1911 (Stats. 1911, p. 9), upon which this information is based, provides: "Any person who shall procure a female inmate for a house of prostitution, . . . or shall procure for a female person a place as inmate in a house of prostitution or as an inmate of any place in which prostitution is encouraged or allowed within this state," is guilty of pandering. The principal question suggested upon this appeal, then, relates to the construction which should be given this section, or that portion of it alleged in

the information to have been violated. The offense defined is that of procuring a place for a female as inmate of a house of prostitution. There can be no question but that defendant intended to commit the crime charged in the information, but, in our opinion, he stopped short of its actual commission. The word "inmate" is defined by the Standard Dictionary as "one who occupies or lodges in a place with others," or "any occupant, even if alone"; in other words, the word "inmate" and "occupant," when employed with reference to a building, are synonyms. The statute must, therefore, be construed as defining the offense to be the procuring of a place in a house of prostitution for one who becomes an inmate thereof; and it must necessarily follow that, in order to complete the offense, it must be made to appear that the female person actually became an occupant of the place designated or procured. A place may be said to be procured where the owner of a building permits the occupancy, as completely as though one not the owner had leased, rented or secured a room of the actual owner, but that the offense should be complete something more must be done than the mere selection or procurement of the room. The offense does not consist in procuring a room intended to be occupied or used for purposes of prostitution; it must be occupied by the female, and when so occupied, and not before, is the statute violated. There is no claim that this woman, June McIntosh, ever occupied after her return any room owned by defendant, leased by him, or designated by him, or by him devoted to purposes of prostitution. The most that can be said is that he agreed with her that after the rooms were put in preparation she might have one of a number of designated rooms in which to continue her prostitution. But the room was never put in condition for occupancy, was never occupied, and, in our opinion, no offense was committed under this section of the statute as charged in the information.

The defendant asked the court to charge the jury that, "You are further instructed that if you believe from the evidence that the defendant procured a place for said June McIntosh in a house of prostitution, and the prosecution has failed to prove that she became an inmate of any such house, then I further charge you that it is your duty to acquit the defendant." Another instruction requested by the defendant

was to the effect that it was necessary for the prosecution to prove beyond a reasonable doubt that the said June McIntosh became an inmate of a house of prostitution. These charges were refused by the court, and none given covering the subject. We think the court erred in refusing to give those charges; that the evidence appearing in the record was such that the defendant was entitled to an instruction directing the jury to acquit upon the ground that the offense charged was not shown to have been committed. Respondent contends that this statute is similar to that relating to abduction, as defined by section 267 of the Penal Code, in the construction of which our supreme court has said in *People* v. *Lewis*, 141 Cal. 543, [75 Pac. 189], that the taking of a child from its parents for the purposes of prostitution completes the offense; but it will be observed that that section in plain language provides that every person "who takes away any female under the age of eighteen years from her father, mother, guardian, or other person having the legal charge of her person, without their consent, for the purpose of prostitution, is punishable." There is a marked distinction between the two sections. Section 267 makes the mere taking the offense, while the section under consideration makes the occupancy—that is to say, the procuring of a place actually occupied—the offense; and we think that the authorities cited in connection with section 267 have no application here.

Judgment reversed and cause remanded.

James, J., and Shaw, J., concurred.