[Crim. No. 16809. Second Dist., Div. Two. Mar. 25, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN CARAVELLA, Defendant and Appellant.

**COUNSEL**

Stanley Fleishman and Peter Marx for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HERNDON, Acting, P. J.**—Defendant appeals from the judgment (order granting probation) entered following a nonjury trial that resulted in his conviction for pandering in violation of Penal Code section 266i. He contends (1) that the evidence was insufficient to sustain his conviction; and (2) that evidence of certain recorded telephone conversations was improperly introduced against him. We have concluded that these contentions are unmeritorious.

Appellant operated a "photography studio" at 7400 Santa Monica Boulevard where persons desiring so to do could photograph nude girls. One of his "models" testified that appellant solicited her to engage in acts of prostitution. She ultimately agreed and between November 1967 and March 1968, she participated in approximately 25 acts of prostitution arranged by appellant. She would meet the men at appellant's studio and thereafter go to a motel where she would receive money for engaging in acts of sexual intercourse.

In March of 1968, the model and her husband, in cooperation with the Los Angeles Police Department, recorded their telephone conversations with appellant. Transcriptions of these tapes were received in evidence and effectively corroborated the model's testimony in that appellant acknowledged arranging "20 or 25 tricks" for her although he asserted that he had done so merely to help her out and had made no money on the transactions.

The evidence is abundantly sufficient to sustain appellant's conviction. It is immaterial to a charge of pandering " 'whether the female "procured" is an innocent girl or a hardened prostitute of long experience; nor is it material that the procurement was either at her request or upon the defendant's own initiative.' " (*People* v. *Martin,* 228 Cal.App.2d 677, 680 [39 Cal.Rptr. 669].) Similarly, it is immaterial whether or not appellant received compensation for his services or whether or not the actual acts of prostitution were consummated upon premises owned by appellant. (Cf. *People* v. *Osuna,* 251 Cal.App.2d 528, 531 [59 Cal. Rptr. 559]; *People* v. *Martin, supra,* p. 680.)

The recordings of the telephone conversations were properly received in evidence since they were made with equipment installed in the model's home with her consent. (*People* v. *Chatfield,* 272 Cal.App.2d 141, 146 [77 Cal. Rptr. 118], and numerous cases cited therein.) The long-established California rule in this regard was not altered by the Legis-

lature's enactment of Penal Code chapter 1.5 in 1967. Section 630 thereof expressly provides: "The Legislature recognizes that law enforcement agencies have a legitimate need to employ modern listening devices and techniques in the investigation of criminal conduct and the apprehension of lawbreakers. Therefore, it is not the intent of the Legislature to place greater restraints on the use of listening devices and techniques by law enforcement agencies than existed prior to the effective date of this chapter."

Similarly, section 633 provides: "Nothing in Section 631 or 632 shall be construed as prohibiting . . . any . . . policeman . . . or any person acting pursuant to the direction [of such officer] acting within the scope of his authority, from overhearing or recording any communication which they could lawfully overhear or record prior to the effective date of this chapter.

"Nothing in Section 631 or 632 shall be construed as rendering inadmissible any evidence obtained by the above-named persons by means of overhearing or recording any communication which they could lawfully overhear or record prior to the effective date of this chapter."

In discussing the admissibility and probative value of these recordings appellant's brief contains the following ambiguous contention: "It is clear from the transcripts that [the model] initiated and fostered the criminal activity, and appellant thus respectfully submits that, if anything, there was a distinct case of entrapment." ██ If by this statement appellant is asserting the defense of entrapment to the crime itself, such argument is frivolous. At trial appellant never urged, nor was there any evidence tending to suggest, that the model had been acting as a police agent at the time the several acts of prostitution were committed.

██ If, on the other hand, appellant is contending that his various incriminating admissions in these telephone conversations were "involuntary" or obtained in violation of *Miranda* rights because the calls were initiated by the model and he was not informed that they were being recorded, such contention was rejected in *People* v. *Ragen,* 262 Cal.App.2d 392, 398-399 [68 Cal.Rptr. 700], hearing denied; cert. den. 393 U.S. 1000 [21 L.Ed.2d 465, 89 S.Ct. 489].

The judgment (order granting probation) is affirmed.

Fleming, J., and Wright, J., concurred.

A petition for a rehearing was denied April 20, 1970, and appellant's petition for a hearing by the Supreme Court was denied May 21, 1970. Wright, C. J., did not participate therein. Peters, J., was of the opinion that the petition should be granted.