[Crim. No. 22014. Second Dist., Div. Four. Mar. 30, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
HERBERT EDWARD BRADSHAW, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry Wood, Robert Lederman and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, Michael Pirosh, Harry W. Brainard, Richard A. Curtis and Harold E. Shabo, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—The People appeal from an order dismissing a prosecution after the granting of a motion under section 995 of the Penal Code.[1] For the reasons set forth below, we reverse the order and remand the case with directions.

---

[1] All statutory references in this opinion are to the Penal Code.

At the request of another police officer, a policewoman, acting as an undercover agent, made contact with defendant. She had two telephone conversations and one face-to-face conversation, in which they discussed the policewoman entering a house of prostitution under defendant's supervision, with a split of her charges between them.[2] When they met, purportedly to finalize those arrangements, defendant was arrested. He was charged with "procuring, causing, inducing, persuading and encouraging" the policewoman to become a prostitute, in violation of section 266i of the Penal Code.[3]

## I

■ The 995 motion was granted on the theory that the evidence showed entrapment of defendant. That issue is argued in the briefs before us. We conclude that the order cannot be sustained on that ground. The record shows no more than that defendant quite willingly and enthusiastically entered into negotiations for the policewoman's services; none of the elements of entrapment are shown.

## II

■ In support of the order, defendant here urges that it was proper since the testimony at the preliminary examination did not show a violation

---

[2] The conversations, as testified to, were not explicit as to prostitution being involved. However, the police officer testified that the words used meant to her, and were words commonly used, to refer to prostitution activities. The magistrate was entitled to accept the testimony of the officer to that effect; the superior court, and this court, are bound by that determination.

[3] Section 266i of the Penal Code reads as follows: "Any person who: (a) procures another person for the purpose of prostitution; or (b) by promises, threats, violence, or by any device or scheme, causes, induces, persuades or encourages another person to become a prostitute; or (c) procures for another person a place as inmate in a house of prostitution or as an inmate of any place in which prostitution is encouraged or allowed within this state; or (d) by promises, threats, violence or by any device or scheme, causes, induces, persuades or encourages an inmate of a house of prostitution, or any other place in which prostitution is encouraged or allowed, to remain therein as an inmate; or (e) by fraud or artifice, or by duress of person or goods, or by abuse of any position of confidence or authority, procures another person for the purpose of prostitution, or to enter any place in which prostitution is encouraged or allowed within this state, or to come into this state or leave this state for the purpose of prostitution; or (f) receives or gives, or agrees to receive or give, any money or thing of value for procuring, or attempting to procure, another person for the purpose of prostitution, or to come into this state or leave this state for the purpose of prostitution, is guilty of pandering, a felony, and is punishable by imprisonment in the state prison for not less than one year nor more than 10 years."

The charging language of the information was that defendant "in violation of Section 266i of the Penal Code . . . did willfully, unlawfully and feloniously procure, cause, induce, persuade and encourage . . . to become a prostitute." It is to be noted that, although the information, in its opening clause, refers to the entire section 266i, the specific charge uses only the verbiage of subdivisions (a) and (b) of that section.

of section 266i. Admittedly, none of the defendant's activities fell within the proscriptions of subdivisions (a), (c), (d), or (e) of that section. It was squarely held in *People* v. *Charles* (1963) 218 Cal.App.2d 812 [32 Cal. Rptr. 653], that conduct legally indistinguishable from that of defendant here did not fall within subdivision (f). It is not here contended by the People that defendant had "caused, induced, or persuaded" the female officer to enter a house of prostitution. The argument made to us is that he had "encouraged" her so to do within the meaning of subdivision (b). Countering that contention, defendant makes two interpretive arguments: (1) that the word "encourage," like the other verbs in subdivision (b), implies success; and (2) that the offense created by subdivision (b) is to encourage a woman "to become" a prostitute, thus implying that the woman involved cannot have been a prostitute prior to defendant's persuasive activities.

For the reasons hereinafter set forth we reject both of those defense contentions.

## A

References to dictionary definitions of the word "encourage" are not helpful, since the word may, in proper context, refer either to a successful persuasion or to a mere urging.[4] Nor are California cases any more helpful. In *People* v. *Matsicura* (1912) 19 Cal.App. 75 [124 P. 882], where a conviction under the predecessor of section 266i was reversed, defendant was charged with actual procurement; the opinion does not mention the word "encourage." In *People* v. *Caravella* (1970) 5 Cal.App.3d 931 [85 Cal.Rptr. 576], the evidence showed an actual procurement. In *People* v. *Mitchell* (1949) 91 Cal.App.2d 214 [205 P.2d 101], and in *People* v. *Charles, supra,* 218 Cal.App.2d 812, the defendant was held properly convicted of an attempt to violate section 266i but the possibility of guilt under subdivision (b) was not discussed.[5] In *People* v. *Frey* (1964) 228

---

[4] Note that the examples used by Dr. Hayakawa all relate to some kind of preliminary activity sometimes but not necessarily resulting in action: "Encourage . . . means to give hope, confidence, or spirit, or to give active help: to *encourage* a young writer with praise; to *encourage* a new industry by granting it tax abatements; a teacher who encourages his students to form their own opinions." (Hayakawa, Use the Right Word (1968) p. 188 (italics in the original).)

[5] Since, under section 663 of the Penal Code, a defendant may be convicted of an attempt whether or not the proof shows a completed crime, the cases do not deal with the issue before us. However, it bears noting that, after rejecting subdivision (f) as a basis for conviction, the court in *Charles* turned to consider attempt and did not (as the authorities cited in *People* v. *Lax* (1971) 20 Cal.App.3d 481, 486 [97 Cal.Rptr. 722], would have permitted) deal with the possibility of a conviction under subdivision (b).

Cal.App.2d 33 [39 Cal.Rptr. 49], the defendant's conviction on counts charging a violation of section 266i with an undercover policewoman was sustained without mention of the problem herein raised. The opinion coming nearest to the case at bench was that of division one of this district in *People* v. *Lax, supra,* 20 Cal.App.3d 481. In that case defendant had solicited a young woman to become a prostitute under his management. She had accepted his offer and moved into an apartment maintained by Cheryl, a woman associate of defendant, where the solicitee had intercourse with defendant. She thereafter changed her mind and left without having engaged in any other sexual conduct. The pertinent language of the opinion was as follows (at pp. 486-487): "While there may be some doubt on the record before us that Cheryl's apartment was a 'house of prostitution' within the meaning of subdivision (c) of the statute, there is no doubt whatever . . . that the evidence which established that defendant 'procured' Dianna (subd. (c)) also clearly establishes that by promises he encouraged her to become a prostitute, an act proscribed by section 266i, subdivision (b)." It is clear that *Lax* is not square authority for the case at bench, since the opinion seems to hold that the prosecution was proper under subdivision (c) as well as under subdivision (b). However, it comes as close to the issue herein under discussion as any California case of which we are aware.[6] Coupled with the effect of (although not the discussion in) *Frey,* we conclude that success is not a necessary element of the offense proscribed by the word "encourage" as used in subdivision (b) of section 266i.

### B

Spelled out in more detail, defendant's second contention is: (a) the offense involved in subdivision (b) of section 266i requires a specific intent; (b) to have such an intent, a defendant must either know or believe in the previous status of the woman; and (c) that knowledge or belief must be that the woman has not theretofore been a prostitute, since only a non-prostitute can "become" one at a defendant's urging.

That contention, of course, is based on a preliminary contention namely, that, in light of the nature of the conversation between defendant and the policewoman, defendant must necessarily have believed that he was dealing with a woman who was already engaged in the "profession" of prostitution but who wanted a new managerial arrangement.

Again the case law is of little help. In cases where there was actual

---

[6]One out-of-state case supports our conclusion. *State* v. *Gates* (1950) 118 Utah 182 [221 P.2d 878].

procurement,[7] the fact that the woman was already a prostitute clearly was immaterial. In *Charles, Frey* and *Lax,* the woman—in all three cases a policewoman—clearly was not. Language in *Charles*[8] would support a holding adverse to defendant, but it is a brief statement, without supporting analysis of the contention herein made and the authority therein cited[9] is equally lacking in such analysis.

However, *People* v. *Frey* gives us a clue. In that case, one count as to which defendant's conviction was sustained involved (as here) an undercover policewoman. She had gone to considerable trouble to set up (with the aid of the other undercover officers) the appearance of being an independent prostitute who "picked up" customers in a hotel bar, and she told Frey that she was so engaged. The opinion makes no reference to the contention now urged, but its result is, clearly, in opposition to that contention. We feel impelled, lacking any more express authority, to follow the *Frey* result.

Clearly, the conduct described in subdivisions (a), (c), (d) and (e) covers conduct with either experienced or innocent women. Subdivisions (a) and (c) appear to require success; subdivision (d) seems to be directed at the coercion of a prostitute who wants to quit. Against this background, subdivision (b) serves a legitimate purpose if construed as defendant contends, namely to inhibit efforts to recruit innocent women into the field of prostitution. But, as applied in *Frey,* it covers also cases where a defendant has solicited one whom he believes to be a former prostitute to re-enter the profession and a defendant who solicits one whom he believes presently to be a prostitute to change her business relations.

It follows that, assuming the factual basis on which defendant's contention rests, the evidence at the preliminary examination showed reasonable cause to believe defendant guilty of the offense charged.

The order of dismissal is reversed with directions to deny the motion.

Files, P. J., and Dunn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 23, 1973.

---

[7]*People* v. *Caravella, supra,* 5 Cal.App.3d 931; *People* v. *Matsicura, supra,* 19 Cal.App. 75.

[8]"One line of questioning to which objections were sustained was directed toward proving that the two waitresses were prostitutes. Whether the female person procured for or encouraged to become an inmate of a house of ill-fame is 'an innocent girl or a hardened prostitute of long experience' is immaterial to the issues raised by a charge of pandering." (*People* v. *Charles, supra,* 218 Cal.App.2d 812, 822.)

[9]*People* v. *Montgomery* (1941) 47 Cal.App.2d 1, 12 [117 P.2d 437].