STATE of Missouri, Respondent,

v.

Bruce Wayne JOHNSON, Appellant.

No. 42375.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 16, 1982.
Motion for Rehearing and/or Transfer
Denied April 16, 1982.
Application to Transfer Denied
May 17, 1982.

Allen I. Harris, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

PER CURIAM.

Defendant appeals from his conviction of the offense of pandering under § 563.010 RSMo. 1969.[1] The case was tried before the court, and upon conviction, defendant was sentenced to a term of three years.

Defendant's sole point on appeal charges that the evidence was insufficient to support a conviction under § 563.010. In particular, he contends that § 563.010, which made it a crime to encourage a woman "to become a prostitute," required proof that the woman was not formerly a prostitute. For lack of such proof, defendant contends the evidence adduced at trial is insufficient to support his conviction.

Defendant did not present any evidence at trial and concedes these facts on appeal: an informant for the police called defendant on November 21, 1978, to arrange a "party" for five or six men at a motel near the airport. The informant was a prostitute who had worked for defendant. Further arrangements were made throughout the day between the informant and defendant. Defendant agreed to send over some women. That evening several police officers posed as customers in a room at the motel, and two women arrived for the "party." These women accepted money and agreed to perform acts of prostitution.

The only witnesses at trial were the informant and two of the police officers; all three testified for the state. The informant testified that she recognized the two women sent over by defendant and that they were prostitutes.

Section 563.010 RSMo. 1969 made it a crime to "induce, persuade, encourage, inveigle or entice a female person to become a prostitute . . . ." Defendant was charged and convicted under this section. He contends on appeal that he did not encourage the two women to "become" prostitutes because the evidence showed they were already prostitutes. Defendant relies principally on *People v. Cook*, 96 Mich. 368, 55 N.W. 980 (1893) in which the Michigan Supreme Court held that a statute making it a

1. Repealed, Laws of Missouri 1977, p. 658, effective Jan. 1, 1979.

crime to solicit a woman to enter a house of prostitution "for the purpose of becoming a prostitute" did not encompass solicitation of one already a prostitute to merely change the location of her practice. The state relies on the case of *People v. Bradshaw*, 31 Cal.App.3d 421, 107 Cal.Rptr. 256 (1973) to support its contention that defendant's actions constituted the crime of encouraging a woman to become a prostitute.

We are constrained by the English language to agree with the Michigan court and with defendant. The word "become" denotes a change from one condition to another. Webster's Third New International Dictionary, 1976; Black's Law Dictionary 195 (4th ed. 1957). Hence a woman who is already engaged in the practice of prostitution cannot "become" a prostitute. Defendant, by sending two prostitutes up to a motel room, may have encouraged the women to remain prostitutes, but he did not encourage them to become prostitutes.

The provisions relating to prostitution were contained in Chapter 563, RSMo. 1969, entitled "Offenses Against Morals." These provisions were enacted as part of a legislative scheme attempting to protect society in general, as well as certain individuals, from the evils directly or indirectly emanating from prostitution. The portion of the statute under which defendant was charged was enacted to protect women from being encouraged to begin the practice of prostitution.

There were other provisions in Chapter 563 under which defendant might have been successfully prosecuted. It is unfortunate that the state chose the wrong one. Under the new Criminal Code, defendant's actions were sufficient to constitute the crime of promoting prostitution. *See,* § 567.010(1)(a) RSMo. 1978. But they were not sufficient to constitute the crime of encouraging a woman to become a prostitute under § 563.010 RSMo. 1969.

Judgment reversed.

All judges concur.