KENNARD, J., Dissenting.
Encouraging another person “to become a prostitute” is a felony. (Pen. Code, § 266i, subd. (a)(2); all further statutory references are to the Penal Code.) Falling within that statutory language, the majority holds, is “encouragement of someone who is already an active prostitute” to become a prostitute. (Maj. opn., ante, at p. 981.) I disagree. I cannot fathom how one can “become” what one already is. And a defendant who, as here, solicits an undercover police officer in the mistaken belief that the officer already is a prostitute lacks the specific intent of encouraging another person “to become” a prostitute.
I
In June 2007, Los Angeles Police Officer Erika Cruz, working undercover, posed as a prostitute on Sepulveda Boulevard in Van Nuys. Defendant Jomo Zambia drove past her, made a U-tum, stopped his truck across the street from her, and told her to get into his truck. When she asked him why, defendant said he was a pimp, adding he would take care of her by providing her with food and clothing. Defendant was then arrested.
Defendant was convicted of pandering. (§ 266i, subd. (a)(2).) The Court of Appeal upheld the conviction, as does the majority today.
II
The law prohibits encouraging another “to become a prostitute.” (§ 266i, subd. (a)(2).) The language is plain and unambiguous. The word “become” means “[t]o pass from one state to another; to enter into some state or condition by a change from another state, or by assuming or receiving new properties or qualities, additional matter, or a new character.” (Webster’s 2d New Internat. Dict. (1941) p. 242, italics added; see also Webster’s 9th New Collegiate Dict. (1988) p. 139.) Or, as defined in the leading law dictionary, *983 the word “become” denotes a change from one condition to another. (Black’s Law Dictionary (4th rev. ed. 1968) p. 195.) For example, a person who already is a police officer or a physician cannot be encouraged “to become” a police officer or a physician, because in either situation the person is not acquiring a new status. Similarly, one who already is a prostitute cannot be encouraged “to become” a prostitute. (§ 266i, subd. (a)(2).)
In holding to the contrary, the majority goes beyond the pandering statute’s plain language. Nor do prior appellate decisions relied on by the majority support its holding.
in
The majority notes that, with a single exception (People v. Wagner (2009) 170 Cal.App.4th 499 [87 Cal.Rptr.3d 881] (Wagner)), previous Court of Appeal decisions have held that a person who is already a prostitute can be encouraged “to become a prostitute” (§ 266i, subd. (a)(2)). But, as Wagner has pointed out, those cases lack a sound legal basis for their holdings. The majority rejects that criticism.
The first of the decisions relied on by the majority is People v. Bradshaw (1973) 31 Cal.App.3d 421 [107 Cal.Rptr. 256] (Bradshaw). That decision candidly acknowledged that People v. Frey (1964) 228 Cal.App.2d 33 [39 Cal.Rptr. 49], on which Bradshaw based its holding, did not actually address the issue of what “to become” means in the context of the pandering statute (Bradshaw, at p. 426). As Justice Bedsworth, the author of Wagner, succinctly put it: Bradshaw “was groping for a solution without any precedential illumination.” (Wagner, supra, 170 Cal.App.4th at p. 507.)
Nevertheless, the Bradshaw holding that the pandering statute can be violated by encouraging one who is already a prostitute to become a prostitute was then followed in People v. Hashimoto (1976) 54 Cal.App.3d 862, 866 [126 Cal.Rptr. 848] and People v. Patton (1976) 63 Cal.App.3d 211, 216-218 [133 Cal.Rptr. 533]. Neither determined whether the Bradshaw holding went beyond the scope of the statutory language (as in my view it did). Instead, both Hashimoto and Patton looked to the social evil of pandering as justification for their holdings. (Hashimoto, supra, 54 Cal.App.3d at p. 866; Patton, supra, 63 Cal.App.3d at p. 218.) Today, the majority, citing Hashimoto and Patton, does the same. (Maj. opn., ante, at pp. 973-974.) To hold otherwise, the majority asserts, would insulate predatory behavior from punishment. (Id. at p. 974.)
It may well be that encouraging a prostitute to work for a pimp is “predatory behavior” that warrants social sanction. But, as I pointed out *984 earlier at pages 982-983, ante, the majority’s holding goes beyond the Legislature’s plain language in the pandering statute. By reading into the statute words that are not there and by ascribing to the statutory phrase “to become a prostitute” a meaning that the words do not support, the majority has improperly expanded the statute’s prohibited conduct. Decreeing what conduct is punishable is exclusively the domain of the Legislature. (People v. Farley (2009) 46 Cal.4th 1053, 1119 [96 Cal.Rptr.3d 191, 210 P.3d 361].)
“Although the Penal Code commands us to construe its provisions ‘according to the fair import of their terms, with a view to effect its objects and to promote justice’ (Pen. Code, § 4), it is clear the courts cannot go so far as to create an offense by enlarging a statute, by inserting or deleting words, or by giving the terms used false or unusual meanings. [Citation.] Penal statutes will not be made to reach beyond their plain intent; they include only those offenses coming clearly within the import of their language. [Citation.]” (Keeler v. Superior Court (1970) 2 Cal.3d 619, 632 [87 Cal.Rptr. 481, 470 P.2d 617].)
Those well-established principles of statutory construction have been aptly restated: “When the government requires its citizens to do something under threat of penal consequence, its pronouncement must be clear. A citizen is not obligated to guess what conduct is required or suffer a criminal penalty if he divines wrongly. He is required to do what the law says, but no more. ... If the Legislature wants to clarify its requirement, it is certainly free to do so. We are not empowered to criminalize conduct by judicial ukase, or to punish that which the Legislature has not brought within its penal reach. To attempt to do so is a violation of the separation of powers provision of the California Constitution.” (People v. Kroncke (1999) 70 Cal.App.4th 1535, 1558-1559 [83 Cal.Rptr,2d 493] (cone. & dis. opn. of Corrigan, Acting P. J.).)
The majority considers it significant that since Bradshaw, supra, 31 Cal.App.3d 421 was decided, the Legislature has amended the pandering statute six times, without abrogating the Bradshaw holding. This inaction by the Legislature, the majority asserts, indicates legislative acquiescence in this holding. (Maj. opn., ante, at pp. 975-976.) But, as noted recently, this court is reluctant “ ‘to draw conclusions concerning legislative intent from legislative silence or inaction.’ ” (People v. Farley, supra, 46 Cal.4th at p. 1120.) A court’s decision that, like Bradshaw, is not grounded on sound legal principles (see p. 983, ante) cannot acquire legal soundness simply through the Legislature’s lack of action to abrogate the decision.
The majority tries to justify its holding by relying on a rule of statutory construction that words of a statute are to be construed in context. The statutory provision at issue prohibits encouraging “another person to become *985 a prostitute.” The majority notes that the statute’s other subdivisions also use the term “another person.” The majority states:
“Considering subdivision (a)(2) in the context of the other provisions of the statute reveals that the intent and purpose behind section 266i, subdivision (a)(2) is to prohibit a person from encouraging a prostitute to work under his aegis or that of someone else, regardless whether the target being solicited is already a working prostitute.
“Subdivision (a) contains six subparts. As noted, subdivision (a)(2), proscribes conduct that ‘[b]y promises, threats, violence, or by any device or scheme, causes, induces, persuades, or encourages another person to become a prostitute.’ (§ 266i, subd. (a)(2).)
“Subdivision (a)(1) criminalizes the ‘[p]rocur[ing of] another person for the purpose of prostitution.’ (§ 266i, subd. (a)(1), italics added.) Whether taken literally or figuratively, there is no reason to conclude the term ‘another person’ as used in subdivision (a)(1) would not encompass both prostitutes and nonprostitutes, as either can plainly be ‘procured’ for the purpose of prostitution.
“Subdivision (a)(3) criminalizes ‘[p]rocur[ing] for another person a place as an inmate in a house of prostitution or as an inmate of any place in which prostitution is encouraged or allowed within this state.’ (§ 266i, subd. (a)(3), italics added.) Here again, the term ‘another person’ encompasses all persons, regardless of their current employment pursuits.
“Subdivision (a)(4) criminalizes conduct that ‘[b]y promises, threats, violence, or by any device or scheme, causes, induces, persuades, or encourages an inmate of a house of prostitution, or any other place in which prostitution is encouraged or allowed, to remain therein as an inmate.’ (§ 266i, subd. (a)(4), italics added.) Subdivision (a)(4) does not use the term ‘another person.’ But it specifically proscribes targeting those who are already in ‘a house of prostitution.’ In short, subdivision (a)(4) applies to active prostitutes.
“Subdivision (a)(5) criminalizes conduct that ‘[b]y fraud or artifice, or by duress of person or goods, or by abuse of any position of confidence or authority, procures another person for the purpose of prostitution, or to enter any place in which prostitution is encouraged or allowed within this state, or to come into this state or leave this state for the purpose of prostitution.’ (§ 266i, subd. (a)(5), italics added.) Once again, the term ‘another person,’ as used in subdivision (a)(5), applies to any solicited target, active prostitute or otherwise.
“Finally, subdivision (a)(6) authorizes the prosecution of anyone who ‘[Receives or gives, or agrees to receive or give, any money or thing of value *986 for procuring, or attempting to procure, another person for the purpose of prostitution, or to come into this state or leave this state for the purpose of prostitution.’ (§ 266i, subd. (a)(6), italics added.) The term ‘another person’ as used in this subdivision also applies to any victim, regardless whether that victim is already acting as a prostitute.” (Maj. opn., ante, at pp. 977-978.)
I disagree with the majority that its construction of section 266i’s subdivision (a)(2) finds support in the statute’s other subdivisions. Reading subdivision (a)(2) in context with the statute’s other subdivisions readily shows that those other subdivisions, which pertain generally to procuring “another person for the purpose of prostitution,” have no bearing on subdivision (a)(2)’s language prohibiting encouragement of “another person to become a prostitute.” (Italics added.)
The Court of Appeal held that because, unlike the person solicited in Wagner, supra, 170 Cal.App.4th 499, here the person solicited by defendant (Officer Cruz, working undercover) was not a prostitute, it need not assess the merits of the holding in Wagner that section 266i’s subdivision (a)(2) is inapplicable when the person solicited is already a prostitute. In affirming defendant’s conviction, however, the Court of Appeal overlooked the requisite intent for violating the statute. As explained below, defendant lacked that intent.
IV
Defendant mistakenly thought that Officer Cruz, working undercover, was a prostitute. A mistake of fact that disproves the required intent for a crime is a defense to criminal liability. (§ 26, class Three; In re Jennings (2004) 34 Cal.4th 254, 277 [17 Cal.Rptr.3d 645, 95 R3d 906].) As the majority acknowledges, pandering is a specific intent crime. (Maj. opn., ante, at p. 980.) Accordingly, a violation of the pandering statute (§ 266i, subd. (a)(2)) requires a defendant to have the “ ‘specific intent to influence a person to become a prostitute’ ” (maj. opn., ante, at p. 980, quoting People v. Mathis (1985) 173 Cal.App.3d 1251, 1256 [219 Cal.Rptr. 693]). Under the majority’s view that the statutorily prohibited conduct of encouraging another “to become a prostitute” also applies to encouraging a person who is already a prostitute “to become” a prostitute, defendant’s mistaken belief that Officer Cruz was in fact a prostitute has no bearing on the issue of specific intent. In my view, however, a defendant who, as here, solicits an undercover police officer in the mistaken belief that the officer is a prostitute lacks the specific intent to violate section 266i, subdivision (a)(2), which prohibits encouraging another person “to become a prostitute.” Because the undisputed evidence shows that defendant must have mistakenly believed that Officer Cruz was a *987 prostitute, defendant lacked the specific intent to support the conviction under section 266i, subdivision (a)(2). By nonetheless affirming his conviction, the Court of Appeal erred.
Unlike the majority, I would reverse the judgment of the Court of Appeal, which affirmed the trial court’s judgment of conviction.