Filed 5/30/14  P. v. Murphy CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B248101 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA071313) |
| v. | |
| ONZA MURPHY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Gregory A. Dohi, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Deputy Attorney General, for Plaintiff and Respondent.

_____

Onza Murphy was convicted of two counts of pandering (Pen. Code, § 266i, subd. (a)(2)),[1] one count of criminal threats (§ 422, subd. (a)), and one count of battery (§ 243, subd. (a)). On appeal he contends insufficient evidence supports his pandering conviction, and his third strike sentence of 25-years-to-life for criminal threats is unauthorized under section 1170.12. We affirm.

## BACKGROUND

On June 26, 2012, appellant grabbed 18-year-old S.V. by her arm when she was walking up her apartment building stairs. He held her arm, so she could not break free, told her she was his "bitch," and said she had to "work" for him on Lankershim, meaning Lankershim Avenue in Los Angeles. Appellant then put his hand inside S.V.'s shirt and touched her breast. Appellant said he knew which apartment she lived in and stated if she did not work for him he would kill her.

After S.V. reported the incident to the police, Los Angeles Police Officer Tara Munjekovich of the Vice Unit initiated an undercover operation. Munjekovich arranged a meeting with appellant at which she told appellant she had been working as a prostitute and heard she could make "good money" on Lankershim. Appellant told her she could make about a thousand dollars a night "working" on Lankershim, and offered to "set her up." When she asked how much money she could keep, he told her he did not let his "girls" keep any money, so she would have to give him all the cash she made. When she asked about competition from other girls, appellant told Munjekovich he "ran the show" and would "take care of everything." He also said if he were her "daddy" he would take care of all her needs, pay her bills, and pay for her to get her hair and nails done. Appellant then asked Munjekovich to go out and make $400 that night as an "entrance fee" for his "services," which he said would prove her loyalty to him. He assured her she "could easily make that" because she was "a White girl." He instructed her to go buy some condoms and call him once she made the money so he could collect it. Appellant was arrested at the scene and taken into custody.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2

Appellant was tried by jury and found guilty of two counts of pandering by encouraging S.V. and Officer Munjekovich to become prostitutes (§ 266i, subd. (a)(2)), making criminal threats against S.V. (§ 422, subd. (a)), and simple battery of S.V. (§ 243, subd. (a)). The trial court sentenced appellant to 41-years-to-life in state prison.

## DISCUSSION

### A. There is substantial evidence that appellant encouraged Munjekovich to become a prostitute

Appellant contends insufficient evidence supported his pandering conviction in regards to Officer Munjekovich. We disagree.

In reviewing for sufficiency of the evidence, we consider the "whole record in the light most favorable to the judgment" below to determine whether "a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Jones* (2013) 57 Cal.4th 899, 960; *People v. Smith* (2005) 37 Cal.4th 733, 738-739.) Testimony of a single witness, unless physically impossible or inherently improbable, is sufficient to support a conviction. (Evid. Code, § 411; *People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Section 266i, subdivision (a), provides: "[A] person who does any of the following is guilty of pandering . . . [¶] (1) Procures another person for the purpose of prostitution. [¶] (2) By promises, threats, violence, or by any device or scheme, causes, induces, persuades, or encourages another person to become a prostitute." To encourage means to "urge, foster, stimulate, to give hope or help." (*People v. Hashimoto* (1976) 54 Cal.App.3d 862, 867.) Encouragement evidence is sufficient to support a pandering conviction when a defendant identifies himself as a pimp, asks a target to turn over her earnings to him, and promises to "take care of" her. (*People v. Zambia* (2011) 51 Cal.4th 965, 981.)

Appellant argues evidence supporting a pandering conviction must show that a defendant initiated the conversation about prostitution and actively pursued the target. He claims the evidence here was insufficient because Officer Munjekovich approached him and asked about working as a prostitute.

This argument is without merit because a defendant may be guilty of pandering, regardless of whether the police initiate contact, if he encourages the target "to work under his aegis." (*People v. Zambia*, *supra*, 51 Cal.4th at p. 977; *People v. Bradshaw* (1973) 31 Cal.App.3d 421.) A defendant encourages a person to "work under his aegis" when he offers to "take care of" her if she turns over her earnings to him. (*People v. Zambia*, *supra*, 51 Cal.4th at p. 977.)

Here, Officer Munjekovich inquired about working as a prostitute in Los Angeles and appellant encouraged her to work under his aegis. Appellant asked Munjekovich to buy condoms and make $400 that night as an "entrance fee" for his "services." He assured her she "could easily make that" because she was "a White girl." Additionally, he offered to "set her up" so she could make about a thousand dollars a night working as a prostitute on Lankershim Avenue in Los Angeles. He told her he did not let "his girls" keep any money, so she would have to give him all the cash she made. In return he promised to take care of all her needs, including paying all her bills and ensuring that her hair and nails were always done. Appellant told Munjekovich he ran the show and would take care of everything. He said he would be her "daddy," a common term used to describe a pimp. A reasonable trier of fact could conclude from this evidence that appellant "encourage[d] another person to become a prostitute." (§ 266i, subd. (a).) Therefore, sufficient evidence supported appellant's conviction for pandering.

## B. Appellant's third strike sentence was proper

Appellant contends his third strike sentence of 25-years-to-life for criminal threats was unauthorized. We disagree.

Section 1170.12, as amended by Proposition 36 in 2012, provides that a recidivist offender with two or more prior qualifying strikes is subject to an indeterminate life sentence if convicted of a serious or violent felony. Subdivision (b)(1) of section 1170.12 defines serious felony as "any offense defined in subdivision (c) of Section 1192.7." Section 1192.7 identifies "criminal threats, in violation of Section 422" as a serious felony. (§ 1192.7, subd. (c)(1).)

4

Appellant argues section 1170.12 exempts a conviction under section 266 for a sex offense, such as pandering, from third strike sentencing. Appellant's argument rests on the false premise that the third strike was imposed for his pandering conviction under section 266. That is not the case. Appellant's criminal threats conviction makes him subject to an indeterminate life sentence under section 1170.12. His 25-years-to-life sentence was imposed for this count. Appellant does not contest the sentence as applied to his criminal threats conviction. Therefore, his sentence was proper.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, Acting P. J.


JOHNSON, J.