Louis I. Kaplan, J.
This is an appeal from a judgment of conviction of the Magistrates’ Court of the City of New York, Felony Court, Borough of Queens, against defendant John T. McCormack for disorderly conduct in violation of subdivision 8 of section 722 of the Penal Law. The case was tried on June 7, 1956, before a City Magistrate who found said defendant guilty and sentence was suspended. Defendant also appeals from an order dated February 8, 1957, denying a motion for a new trial.
The complaint, upon which the defendant was tried, charged that he and one Albert Sigal “did while acting jointly with an intent to and did commit, an act against nature, to wit: an indecent act” in violation of subdivision 8 of section 722 of the Penal Law.
*746 The People’s case was based solely on the testimony of two patrolmen, both of whom testified that from about 4:50 p.m. on May 24,1956 they observed the defendant McCormack for about 20 minutes ‘‘ entering one men’s room after another at different intervals” and that they saw him “with his body up against the partition of the booth where defendant Sigal was in.” Both policemen then entered the men’s room and observed McCormack with his private parts exposed and thereupon placed both men under arrest. On cross-examination one of the patrolmen testified that he saw McCormack standing against the partition but did not see his private parts, nor see him touch any part of Sigal’s body with any portion of his body, nor hear any conversation between the defendants. Both defendants denied doing anything wrong.
McCormack testified that he finished working at 4:33 p.m. on the day in question, and took a train from the Atlantic Avenue Station of the Long Island Bail Boad at 4:41 p.m., arriving at the station (Sutphin Boulevard) at 5:08 p.m. Upon arriving at the latter station he went to the men’s room. He testified that he had never seen Sigal in his life and that he did not know anyone was in the rest room at the time and that he was there for only a minute or minute and a half. The defendant endeavored to introduce into evidence his employer’s time card to show the precise moment he left work on that day. The assistant district attorney objected to such evidence on the ground that there was no testimony as to the accuracy of the time clock. The objection was sustained. The court then denied a motion by defendant’s attorney for a continuance to produce proper officials to testify with regard to the accuracy of the time clock.
It was substantial error for the court to exclude the time card and testimony relating thereto offered to refute the testimony of the policemen that they observed the defendant from 4:50 p.m. In Collins v. New York Central & H. R. R. R. Co. (109 N. Y. 243, 249) it was stated: “If this evidence had been given, it might not have changed the result. But that fact we do not know. It was material and proper evidence, and we cannot say that no harm resulted * * * from its exclusion. ”
I would direct a new trial except for the fact that the prosecution has not sustained an offense under subdivision 8 of section 722 of the Penal Law.
It is apparent from the evidence adduced that the prosecution has failed to sustain the commission of an act under subdivision 8 of section 722 of the Penal Law, which provides as follows: ‘ ‘ 8. Frequents or loiters about any public place soliciting men *747 for the purpose of committing a crime against nature or other lewdness ’ \
The prosecution offered evidence to show that defendant McCormack was observed for about 20 minutes entering one men’s room after another at different intervals and that he was seen with his body up against the partition where the codefendant was in. There was no contention that body contact or conversation took place between the codefendants or between McCormack and any other person at any time. This is not sufficient to constitute the offense charged.
Under subdivision 8, the essential element is the “soliciting” of men for the purpose of committing a crime against nature or other lewdness. The Legislature has singled out the solicitation to commit a degenerate act as an independent substantive offense. The gist of the offense is the solicitation of men for the purpose of committing lewd acts. The offense is complete when the solicitation is made, and it is immaterial that the object of the solicitation is never consummated. The actual commission of the unnatural act or other act of lewdness is not an element of the offense. The statute is aimed at preventing sex perverts from loitering in public places for the purpose of soliciting men to commit or join in the commission of degenerate acts and the evils it seeks to prevent are present whether the object of the solicitation is accomplished or not.
Webster’s New International Dictionary (2d ed., 1947) defines “ solicit “4. To make petition to; to entreat; to importune; * * * to request or plea, * * * 5. To endeavor to obtain by asking or pleading; to plead for * * * to seek eagerly or actively; * * * 6. To urge (one’s cause, point, etc.); to insist upon * * * 8. to tempt (a Person); to lure on, esp. to evil; to attempt to seduce; to accost (a man) for immoral purposes ”.
“ Soliciting ” within the meaning of subdivision 8 of section 722 of the Penal Law means the asking, urging or importuning of a man or men to commit a degenerate act. The offense is of necessity obscure and hidden and need not be in any particular form of words and it may well be that it can be accomplished by gesture and other indication as well as by language. The testimony in the instant case does not indicate any entreaty, request, plea on the part of defendant McCormack to seek by persuasion, temptation or enticement or otherwise by language or mute conduct that defendant Sigal or any other person be moved to any action. Absent such a showing of “ solicitation ” no offense has been committed under subdivision 8 of section 722 of the Penal Law.
*748 Furthermore, it is not beyond possibility that defendant McCormack could have been himself solicited rather than having been the person doing’ the soliciting. By the use of the word “ soliciting ”, the statute makes it clear that the conduct of the person solicited is not material to the offense. There is no evidence of the particular role played by the defendant in this case. The offense charged has not been proved.
The judgment should be reversed and the complaint dismissed.
Kozicke, P. J., and Silver, J., concur.
Judgment reversed, etc.