

# THE ATTORNEY GENERAL
## OF TEXAS

April 23, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Roy Blake                  Opinion No. JM-684
Chairman
Administration Committee             Re: Authority of the State Preserva-
Texas State Senate                   tion Board to solicit and accept
P. O. Box 12068                      gifts, money and items of value
Austin, Texas   78711


Dear Senator Blake:

You ask whether the State Preservation Board has the authority to solicit and accept gifts, money, and items of value from private donors for the purpose of assisting in the restoration of the State Capitol. We conclude that the board has such authority.

In 1983, the legislature established the State Preservation Board to "preserve, maintain, and restore" the State Capitol, its contents, and its grounds. V.T.C.S. art. 6145-14 [hereinafter the act], §1. The board is empowered by section 4 of the act to employ an architect, who is in turn empowered by section 6. to employ a curator. Section 6 of the act sets forth the duties of the architect and the curator and provides in part:

> (a) The architect of the Capitol shall:
>
> . . . .
>
> (2) develop for approval by the board a master plan with a projection of at least 20 years concerning the maintenance, preservation, restoration, and modification of the buildings, their contents, and their grounds, including a plan to restore the buildings to their original architecture;
>
> . . . .
>
> (5) <u>develop a program to purchase or accept by donation, permanent loan, or outside funding items necessary to implement the master plan</u>;

. . . .

(8) employ a curator of the Capitol who shall assist in matters dealing with the preservation of historic materials and who must be a person with a minimum of a master's degree and four years' experience in historic collections administration with a specialization in the material culture of this state.

(b) The curator of the Capitol shall:

. . . .

(2) develop a program to purchase or accept by donation, permanent loan, or outside funding items of historical significance that were at one time in the buildings. . . . (Emphasis added).

Section 8 of the act confers authority on the board to develop programs to solicit gifts and money and sets forth the following:

Sec. 8. (a) The board shall develop plans and programs to solicit gifts, money, and items of value.

(b) The board may solicit gifts and money or items of value from private persons, foundations, or organizations.

(c) All property provided by private persons, foundations, or organizations and all money donated to the board become the property of the state and are under the control of the board.

(d) This section does not apply to temporary exhibits or property of a person having an office in the Capitol.

(e) The board shall use gifts of money made to the board for the purpose specified by the grantor, if any.

The act clearly empowers the board to solicit gifts; your question arises because the act fails to state explicitly that the board may accept gifts.

In order that a state agency may accept a gift, it first must be authorized by law to do so; absent such authority, it may not accept

gifts or donations. Attorney General Opinions H-1309, H-1180 (1978); O-4681 (1942). The legislature has explicitly conferred such authority on several state agencies. See e.g., V.T.C.S. arts. 4413d-1 (Office of State-Federal Relations); 4413(32f) (Texas Closeup Board); 4413(35) (Commission on Fire Protection Personnel Standards and Education); 4413(44) (Governor's Commission on Physical Fitness); 4413(47d) (Texas National Research Laboratory Commission); 4413(49) (Criminal Justice Policy Council; Criminal Justice Coordinating Council); 4413(51) (Interagency Council on Sex Offender Treatment). In each instance cited above, the relevant state agency was given explicit authority to accept gifts.

The primary consideration in construing a statute is giving effect to legislative intent. Minton v. Frank, 545 S.W.2d 442 (Tex. 1976); Calvert v. British-American Oil Producing Co., 397 S.W.2d 839 (Tex. 1965). The intention of the legislature should be determined by examining the entire act rather than isolated portions of the act. City of Houston v. Morgan Guaranty International Bank, 666 S.W.2d 524 (Tex. App. - Houston [1st Dist.] 1983, writ ref'd n.r.e.). Read as a whole, article 6145-14, V.T.C.S., clearly contemplates that the board possesses the authority to accept gifts or donations.

Section 6 of the act confers authority on the architect and the curator to develop a program to accept gifts. Section 8 confers like authority on the board. Additionally, section 8 explicitly confers authority on the board to "solicit" gifts and money. Generally, administrative agencies have by implication such powers as are necessary to effectuate the objectives of those powers expressly granted to them. City of Corpus Christi v. Public Utility Commission, 572 S.W.2d 290 (Tex. 1978); State v. Jackson, 376 S.W.2d 341 (Tex. 1964). We conclude that implicit in the board's power to "solicit" is the power to accept gifts. "Solicit" has been defined to mean

> to approach for something; to ask for the purpose
> of receiving; to endeavor to obtain by asking; to
> importune or implore for the purpose of obtaining;
> to awake or incite to action by acts or conduct
> intended to and calculated to incite the giving.

People ex rel. Friedman v. Framer, 139 N.Y.S.2d 331, 337 (N.Y. App. Term 1954); see also People v. McCormack, 169 N.Y.S.2d 139, 142 (N.Y. App. Term 1957); Schmid v. Langenberg, 526 S.W.2d 940, 944 (Mo. App. 1975). It would make no sense for the legislature to empower the board to "solicit" gifts but then not empower the board to accept a gift when the solicitation is successful. We will not construe a statute so as to ascribe to the legislature an unreasonable result if the statute is reasonably susceptible of a construction that will not accomplish such a result. Anderson v. Penix, 161 S.W.2d 455 (Tex. 1942); Trimmier v. Carlton, 296 S.W. 1070 (Tex. 1927). Accordingly,

we conclude that the State Preservation Board is empowered to solicit and accept gifts, money, and items of value in furtherance of its statutory duties.

## S U M M A R Y

The State Preservation Board is empowered to solicit and accept gifts, money, and items of value in furtherance of its statutory duty.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General