Benjamin Wm. Mehlman, J.,
Defendant is charged with violating section 240.35 (subd. 3) of the Penal Law which states:
“ § 240.35 Loitering.—
“ A person is guilty of loitering when he: # * 3. Loiters or remains in a public place for the purpose of engaging, or soliciting another person to engage, in deviate sexual intercourse or other sexual behavior of a deviate nature ”.
Defendant moves for permission to withdraw his plea of not guilty, for the purpose of interposing a demurrer to the information, or, in the alternative, dismissing the information on the ground the ‘ ‘ ordinance ’ ’ the defendant is accused of violating is void for vagueness and for lack of due process in violation of the First and-Fourteenth Amendments to the Constitution of the United States. The proposed demurrer alleges that the words the defendant uttered -are protected by the free speech guarantee of the First Amendment.
Neither the Code of Criminal Procedure nor the present Criminal Procedure Law sanctions a demurrer to an information. The motion will, therefore, be treated as oné for dismissal of the information (People v. Mackey, 61 Misc 2d 799) in which case the allegations of the information are deemed to be true. (People v. Chester, 4 Misc 2d 949.)
The presumption of constitutionality of a legislative act is well recognized and courts of first instance should not declare a statute unconstitutional unless its invalidity is demonstrated beyond a reasonable doubt. (People v. Pagnotta, 25 N Y 2d 333. Matter of Van Berkel v. Power, 16 N Y 2d 37, 40.)
It does not appear that any reported decision has expressly passed on the constitutionality of subdivision 3 of section 240.35, or of section 722 (subd. 8) of the former Penal Law from which it has been drawn. A number of decisions have upheld convictions under former section 722 (subd. 8), and the courts have also upheld the constitutionality of other loitering statutes. Thus, People v. Merolla (9 N Y 2d 62, 66), sustained a conviction for violation of section 7 of the Waterfront Commission Act which prohibited loitering within specified places and areas, stating that the term “ loitering ” -is possessed of sufficient clarity and definition in context.
People v. Bell (306 N. Y. 110) upheld the constitutionality of section 1990-a of the former Penal Law which prohibited loitering about toilets, railway platforms, and similar places.
People v. Johnson (6 N Y 2d 549) held that section 722-b of the former Penal Law, a loitering section was valid because it sufficiently informed-the public of the proscribed act.
*711 Subdivision 6 of section 240.35 was held to be constitutional in People v. Taggart (66 Misc 2d 344) by a court of first instance.
Although People v. Diaz (4 N Y 2d 469, 470, 471) struck down a loitering ordinance as too vague, indefinite and uncertain to define a crime and made no distinction between conduct calculated to harm and that which is essentially innocent, it enunciated the rule to be applied to determine statutory validity. It said, “It is the rule that for validity a criminal statute must be informative on its face (People v. Firth, 3 N Y 2d 472) and so explicit that ‘ all men subject to their penalties may know what acts it is their duty to avoid ’ (United States v. Brewer, 139 U. S. 278, 288; People v. Vetri, 309 N. Y. 401). While the term ‘ loiter ’ or ‘ loitering ’ has by long usage acquired a common and accepted meaning (People v. Bell, 306 N. Y. 110), it does not follow by itself, and without more, such term is enough to inform a citizen of its criminal implications and, by the same token, leave it open to arbitrary enforcement * * * Whenever a conviction for loitering has been upheld, it is because the statute uses the term ‘ loiter ’ or ‘ loitering ’ to point up the prohibited act, either actual or threatened. ’ ’
Applying that test to subdivision 3 of section 240.35, it sufficiently informs a person of the criminal implications of the loitering and points up the prohibited act. It is not loitering by itself which is prohibited but loitering “ in a public place for the purpose of engaging, or soliciting another person to engage, in deviate sexual intercourse or other sexual behavior of a deviate nature ’ ’ which is proscribed. That subdivision sufficiently informs a person of common understanding of what is forbidden. It is not unconstitutional because of vagueness and lack of due process.
Defendant relies on two recent decisions of the United States Supreme Court, Palmer v. City of Euclid (402 U. S. 544) and Coates v. Cincinnati (402 U. S. 611). Both are inapplicable. Palmer was concerned with an ordinance, characterized as a “ suspicious person ordinance ”, which penalized “ any person who wanders about the streets or other public ways or who is found abroad at late or unusual hours in the night without any visible or lawful business and who does not give satisfactory account of himself.” The ordinance in Coates made it unlawful for three or more persons to assemble in certain public places and “ there conduct themselves in a manner annoying to persons passing by, or occupants of adjacent buildings.” Neither ordinance gave ‘ ‘ a person of ordinary intelligence fair notice that his contemplated conduct is forbidden ”. (United States v. Harriss, 347 U. S. 612, 617.)
*712 Defendant also claims protection of the First Amendment guarantee of free speech. All speech is not protected and the right of free speech is not absolute at all times and under all circumstances. The lewd and obscene, the profane, the libelous and the insulting or ‘ ‘ fighting ’ ’ words are not so protected. (Chaplinsky v. New Hampshire, 315 U. S. 568, 573; People v. Ascher, 57 Misc 2d 249, 251.)
The words allegedly used by defendant herein, which are deemed admitted, constitute the very essence of the element of “soliciting” which was defined in People v. McCormack (9 Misc 2d 745, 747 [applied to former § 722, subd. 8]) as “ the asking, urging or importuning of a man or men to commit a degenerate act.” The court there said the offense is of a necessity obscure and hidden and need not be in any particular form of words. The offense is complete when the solicitation is made, whether or not the object of the solicitation is consummated.
The statute is directed not against mere communication but against communication for the purpose of attempting or accomplishing a prohibited act. It comes within the rule of Dennis v. United States (341 U. S. 494, 508) that “ Speech is not an absolute, above and beyond control by the legislature when its judgment, subject to review here, is that certain kinds of speech are so undesirable as to warrant criminal sanction.” Solicitation of the type proscribed by section 240.35 (subd. 3) enjoys no constitutional protection.
The motion to dismiss is, therefore, denied.
The foreg’oing decision constitutes the order of the court.