STATE of Iowa, Appellee,

v.

Barbara Nan LEE, Appellant.

No. 65232.

Supreme Court of Iowa.

Jan. 20, 1982.

Robert J. Kromminga, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., Dan Johnston, Polk County Atty., and Michael E. Hansen, Asst. Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

Defendant, Barbara Nan Lee, appeals from her conviction by jury verdict of pandering in violation of section 725.3, The Code. She contends: (1) the trial court erred in finding that section 725.3 is not unconstitutionally vague and overbroad; (2) the evidence adduced at trial is insufficient to sustain her conviction; and (3) the trial court erred in not finding that the conduct of law enforcement officers constituted entrapment as a matter of law. We find no merit in defendant's contentions and affirm the trial court.

Defendant was tried jointly with Gilbert Mitchell Williams, Jr., whose conviction of pimping in violation of section 725.2, The Code, and pandering in violation of section 725.3, The Code, we also affirmed today.

*See State v. Williams,* 315 N.W.2d 45 (Iowa 1982). The basic facts of this case are set out in that opinion and need not be repeated here.

I. *Vagueness and overbreadth.* Section 725.3, The Code, provides in pertinent part: "A person who persuades or arranges for another . . . to become a prostitute, such person not having previously engaged in prostitution, . . . commits a class 'D' felony." The trial information charged that defendant, "on or about the 27th day of August, 1979, in the County of Polk and State of Iowa did persuade and arrange for Debbie Govi to become a prostitute, she not having previously engaged in prostitution." Prior to trial defendant unsuccessfully moved to have the charge dismissed on the ground that section 725.3 is vague and overbroad, in violation of the fourteenth amendment to the United States Constitution.

A. *Overbreadth.* "A statute is overbroad if it attempts to achieve a governmental purpose to control or prevent activities constitutionally subject to state regulation by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." *State v. Willis,* 218 N.W.2d 921, 923 (Iowa 1974); *see Miller v. Iowa Real Estate Commission,* 274 N.W.2d 288, 291 (Iowa 1979). Although defendant alleges that section 725.3 is unconstitutionally overbroad, she does not specify how it is overbroad and did not do so during the pretrial proceeding on the motion to dismiss. Constitutional challenges must be specific. *Willis,* 218 N.W.2d 923. Since defendant has failed to specify the basis for her challenge, and since, in examining section 725.3, we perceive no apparent overbreadth problems, we find no merit in defendant's contention.

B. *Vagueness.* Defendant claims the terms "persuades" and "arranges" in section 725.3 are unconstitutionally vague because they fail to give a person of ordinary intelligence fair notice of the conduct forbidden and the statute therefore encourages arbitrary and erratic arrests and convictions.

The test for vagueness is well established: A statute is void for vagueness under the due process clause of the fourteenth amendment if it "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926). "A penal statute must give a person of ordinary intelligence fair warning of what is prohibited, and, in order to avoid arbitrary and discriminatory enforcement, it must provide an explicit standard for those who apply it." *State v. Pilcher*, 242 N.W.2d 348, 353 (Iowa 1976). A statute is not unconstitutionally vague if the meaning of the "words used can be fairly ascertained by reference to similar statutes, other judicial determinations, reference to the common law, to the dictionary, or if the words themselves have a common and generally accepted meaning." *Id.* (*quoting State v. Williams*, 171 N.W.2d 521, 527 (Iowa 1969), *cert. denied*, 398 U.S. 937, 90 S.Ct. 1837, 26 L.Ed.2d 268 (1970)).

In support of her vagueness allegation, defendant cites hornbook law defining pandering as the paid procurement of an individual for the purpose of prostitution. She argues that if section 725.3 is not construed to require an individual to actually become a prostitute, it will be impossible for people of ordinary intelligence to gauge their conduct and the police will be allowed to make random and selective arrests. We disagree.

Section 725.3 does not purport to establish a requirement of paid procurement. The legislature is its own lexicographer in defining crimes. *State v. Robbins*, 257 N.W.2d 63, 67 (Iowa 1977). And although we were not confronted with a constitutional challenge to section 725.3 in the appeal by defendant's codefendant, we held that the legislature did not intend the terms "persuades" or "arranges" to require that an act of prostitution actually occur. *Williams*, 315 N.W.2d at 49.

In *People v. Hashimoto*, 54 Cal. App.3d 862, 126 Cal.Rptr. 848 (1976), a statute that prohibited procuring another person for the purpose of prostitution and inducing, persuading, or encouraging another person to become a prostitute was challenged as being unconstitutionally vague. The California Court of Appeals upheld the statute, finding that the terms "procuring, persuading, or encouraging" were capable of precise definition and that the statute was not reasonably susceptible of being interpreted to cover activities other than pandering. *Id.* at 867, 126 Cal.Rptr. at 850.[1] We likewise conclude that section 725.3 provides people of ordinary understanding with ascertainable standards for determining the conduct it prohibits. The terms "persuades" and "arranges" are common words that are easily defined. The statute gives fair warning that it prohibits affirmative acts designed to orchestrate for or induce another to practice prostitution.

II. *Sufficiency of the evidence and entrapment.* Defendant maintains that in order for her to be convicted of pandering it was necessary for the undercover police agent to actually become a prostitute. She contends that since it is undisputed that the agent did not engage in an act of prostitution the evidence was insufficient to engender a jury issue and the trial court erred in overruling her motion for a directed verdict. In *Williams* we held that an act of actual prostitution is not an element of the offense of pandering. 315 N.W.2d at 50. Accordingly, we find no error.

Secondly, defendant argues that the conduct of the undercover agent constituted entrapment as a matter of law. Our holding in *Williams* that the agent's conduct did not constitute entrapment, 315 N.W.2d at 53, is dispositive of this issue.

---

1. Similarly, pandering and prostitution statutes in other jurisdictions prohibiting "soliciting for prostitution" have withstood vagueness challenges. *See, e.g., Morgan v. City of Detroit*, 389 F.Supp. 922 (E.D.Mich.1975); *Cherry v. State*, 18 Md.App. 252, 306 A.2d 634 (1973); *State v. Armstrong*, 282 Minn. 39, 162 N.W.2d 357 (1968); *People v. Willmott*, 67 Misc.2d 709, 324 N.Y.S.2d 616 (1971).

We find no merit in any of defendant's assignments of error. We therefore affirm the judgment of the trial court.

AFFIRMED.

All Justices concur except McCORMICK, J., who concurs specially.

McCORMICK, Justice (concurring specially).

I concur in the result and all of the opinion except the basis of division IB. In view of the dictionary meaning of the word "arranges" quoted in the companion case, *State v. Williams,* 315 N.W.2d 50 (Iowa 1982), section 725.3 plainly proscribes the conduct with which this defendant was charged.