STATE of Iowa, Appellee,

v.

Robert Larry CHASE, Appellant.

No. 68845.

Supreme Court of Iowa.

June 15, 1983.

Edward N. Wehr of Wehr & DeLange, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Teresa Baustian, Asst. Atty. Gen., G. Wylie Piller, III, Clinton County Atty., and Craig Ament, Asst. Clinton County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

SCHULTZ, Justice.

Robert Chase appeals from his conviction for trespass in violation of Iowa Code section 716.8(2). Although he makes several challenges to the trial and sentencing procedure, we find the principal issue in this appeal to be the interpretation of section 716.8, the trespass penalty statute. In particular, the crucial question is whether a trespass as defined in section 716.7 is merely a simple misdemeanor under section 716.-8(1) (simple trespass), or whether it is a serious misdemeanor pursuant to section 716.8(2) (serious trespass), when the only "damage" that is proved is a loss resulting from theft. Iowa Code § 716.8(2) (1983). We find that "damage" refers to physical damage and not merely theft. The prosecution failed to show defendant committed more than one hundred dollars of physical damage as is required to prove serious trespass. Thus, defendant's conviction for serious trespass is in error. Accordingly, we reverse and remand.

The evidence presented at trial depicts an unusual background of events and activities. Chase's great uncle, Edward Hagberg, died in December 1981 shortly after rewriting his will to change his major beneficiary from his relatives to a church. On January 6, 1982, Chase, his girlfriend, Donna Skiff, and his twelve-year-old son, Brett, went to the decedent's former residence. Chase had not previously obtained permission of the executor of Hagberg's estate either to enter the Hagberg home or to remove any of its contents. Chase asserts that there had been "break-ins" by others and that his purpose in entering the house was to "preserve the property" by taking it to be stored in a more secure location across from the law center.

Chase and his son entered the house, but Skiff remained in the car which she drove around the area for nearly two and one-half hours. Then, after receiving instructions by walkie-talkie, she returned to the house and Chase began loading items into her car. When he noticed the headlights of an approaching car, Chase closed the hatchback and told Skiff to leave. As Skiff pulled away Chase called her on the walkie-talkie and told her that the police were near and that she should "go fast." Skiff had not turned on the car lights and an officer stopped her car. The officer noticed the items and arrested Skiff. The officers then traced the items to the Hagberg house. When they arrived at the house they found evidence of the entry. They also discovered two sets of tracks in the snow which they followed for more than a mile until they found and arrested the defendant and his son.

Chase admitted the entry, but he contended that he did not intend to commit theft by permanently depriving the owner of the property. Nevertheless, Chase was charged with the crime of burglary in the second degree. Iowa Code § 713.3.

At trial the court instructed the jury to determine the guilt of defendant of the offense of burglary in the second degree based on Chase's intent to commit theft.

The court also submitted to the jury the crimes of serious and simple trespass as lesser and included offenses of burglary in the second degree. The jury found Chase guilty of serious trespass.

On this appeal defendant alleges error in the pretrial ruling, trial ruling, and the sentencing procedure. We hold that the trial court erred in submitting serious trespass to the jury as a lesser and included offense; therefore, we need not discuss most of the issues raised by defendant. We shall discuss, however, defendant's allegations that (1) the criminal charges against him should have been dismissed because of prosecutorial and judicial misconduct; (2) section 716.8 is unconstitutionally vague and overbroad; and (3) serious trespass should not have been submitted to the jury as a lesser and included offense of burglary in the second degree because there is no factual basis for the charge.

### I. *Dismissal due to misconduct.*

### A. *Prosecutorial misconduct.*

■ Defendant argues that double jeopardy attaches to prevent retrial on the charge of simple trespass because the prosecutor's misconduct was not mere negligence or inadvertence. Assuming, without deciding, that such misconduct occurred, we hold that the prosecutor's conduct does not prevent retrial of the defendant.

The Supreme Court recently examined the application of double jeopardy prohibitions against retrials in a similar context. *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). The court stated that although generally the double jeopardy clause protects a defendant from multiple prosecutions, a narrow exception to this rule is provided where the defendant moves for the mistrial; however, this exception is not applicable when the prosecutor intends to provoke the defendant into moving for a mistrial so that he can subvert the protections afforded by the double jeopardy clause. *Kennedy,* 456 U.S. at 672–73, 102 S.Ct. at 2088, 72 L.Ed.2d at 425. We held these principles applicable to the Iowa Constitution as well. *State v. Bell,* 322

N.W.2d 93, 94 (Iowa 1982). *See State v. Nelson,* 234 N.W.2d 368, 374–75 (Iowa 1975); *State v. Manning,* 224 N.W.2d 232, 235 (Iowa 1974).

The acts of the prosecutor cited by Chase fall short of conduct intended to provoke a mistrial. The motions for mistrial complained that the prosecutor intentionally presented inadmissible evidence concerning Chase's sexual relations with Skiff and Skiff's statements that she was afraid Chase would kill her. Defendant also complains that evidentiary matters were deliberately withheld from him and that a continuance was obtained as a device to obtain further time to give notice of the testimony of a witness in order to use her testimony at trial. Regardless of the correctness of the trial court's rulings on these matters, there is no indication of a deliberate attempt by the prosecutor to sabotage the trial in order to force the defendant into requesting a mistrial. At most, the prosecutor's conduct presented grounds for the defendant to claim a mistrial. The double jeopardy clause was not triggered.

### B. *Judicial misconduct.*

■ Chase also moved for a mistrial based on his claim that the trial court wrongfully interjected itself into the case by interposing its own objection to a question that defense counsel asked in the presence of the jury. Chase also raises several matters that were not included in his motion to dismiss and were not preserved for appeal. Although we need not discuss these allegations, they are generally claims that the trial court unfairly favored the prosecutor in an effort to assist an inexperienced prosecutor against an experienced defense counsel. Even if defendant's allegations are correct, they are only grounds for a mistrial, not for a dismissal of the case which would prevent retrial.

■ A motion for a mistrial is the proper remedy for the conduct of a judge who acts in a biased or prejudiced manner during a jury trial. If the defendant's motion is granted or if an appellate court

determines that it was reversible error for the trial court not to have declared a mistrial, a subsequent prosecution of a defendant for the same offense or included offense does not violate the rule against double jeopardy. The general rule that the guarantee against double jeopardy does not bar retrial of a defendant when the prior trial was terminated or reversed on the behest of the defendant comes into play. *Manning,* 224 N.W.2d at 235.

## II. *Constitutionality of sections 716.7 and 716.8.*

Chase made a timely objection to the statutory definition of criminal trespass contained in the instructions because he believed it to be unconstitutionally vague and overbroad. He argued that the legislature created the vagueness and overbreadth when it amended Iowa Code section 716.-7(2)(a) (1981). That section in pertinent part had defined trespass as follows:

> a. Entering upon or in property without justification or without the implied or actual permission of the owner, lessee, or person in lawful possession with the intent to commit a public offense or to use, remove therefrom, alter, damage, harass, or place thereon or therein anything animate or inanimate.

Subsection (2)(a) was revised and amended in 1981, *see* 1981 Iowa Acts ch. 205 § 1, so that the section now reads in pertinent part as follows:

> a. Entering upon or in property without the express permission of the owner, ... with the intent to commit a public offense, to use, remove therefrom, alter, damage, harass, or place thereon or therein anything animate or inanimate, or to hunt, fish or trap on or in the property. This paragraph does not prohibit the unarmed pursuit of game or furbearing animals lawfully injured or killed which come to rest on or escape to the property of another.

Iowa Code § 716.7(2)(a) (1983). Chase maintains that section 716.7 is overbroad and vague because the terms "implied" and "without justification" were deleted from the previous statute. He now argues that innocent conduct would allow a criminal conviction. We find no merit in these contentions.

The principles that we apply when examining statutes under constitutional attack are well established, *see State v. Sullivan,* 298 N.W.2d 267, 270 (Iowa 1980), and need not be repeated here.

### A. *Overbreadth.*

■ A statute is overbroad if it attempts to achieve a governmental purpose to control or prevent conduct that is constitutionally subject to state regulation by means which also tramp upon those actions ordinarily deemed to be within the area of protected freedom. *State v. Lee,* 315 N.W.2d 60, 61 (Iowa 1982). Defendant apparently argues that the amended statute now impinges upon protected freedoms by proscribing implied or justified intrusion on property. He argues that the present statute is now so broad that it would even prohibit a garbage collector from entering a homeowner's property for the purpose of collecting garbage. Since defendant has failed to demonstrate that a garbage collector has the right or protected freedom to enter upon property and to remove anything therefrom without express permission, we find his argument to be unpersuasive. Indeed, subsection (2) does make an exception to the general rule for hunters of game or furbearing animals under certain conditions. We do not find that section 716.7(2)(a) invades the area of protected freedoms. *Lee,* 315 N.W.2d at 61. Accordingly, we hold that defendant failed to meet the heavy burden of rebutting the presumed constitutionality of the statute. *State v. Newman,* 326 N.W.2d 788, 792 (Iowa 1982).

### B. *Vagueness.*

■ A statute is unconstitutionally vague when it fails to give a person of ordinary intelligence fair notice of the conduct forbidden and thus encourages arbitrary and capricious arrests and convictions. *Lee,* 315 N.W.2d at 60. Although defend-

ant alleges that this section is unconstitutionally vague, he does not now specify how it is vague nor did he do so during his objections to the instruction. Constitutional challenges must be specific. *Lee,* 315 N.W.2d at 61. We perceive no lack of fair notice of the conduct that is prohibited. We find the statute is not unconstitutionally vague.

### III. *Factual basis for the charge of trespass as a serious misdemeanor.*

On appeal defendant argues that the jury should not have been instructed that serious trespass is a lesser and included offense of burglary in the second degree. The basis for defendant's contention is that this form of trespass meets neither the legal nor the factual prong of the test that we have adopted to determine whether one offense is included in another. We hold that there was not a factual basis in the record for submitting the serious trespass to the jury. On the basis of this holding, we need not determine whether this charge meets the legal prong of the test.

■ Initially, we note that it is settled that simple trespass is a lesser and included offense of burglary when burglary is alleged and proved in its entry alternative, *State v. Sangster,* 299 N.W.2d 661, 664 (Iowa 1980), or when it is submitted in both the breaking and entry alternative. *State v. Wales,* 325 N.W.2d 87, 89 (Iowa 1982). We have not previously decided whether serious trespass is an includible offense.

■ Section 716.8 defines serious trespass as a trespass "which results in injury to any person or damage in an amount more than one hundred dollars to anything, animate or inanimate, located thereon or therein ...." Chase argued in his objection to the instruction and maintains now that there was no proof of damage in excess of one hundred dollars. The State asserts, however, that this proof was met by showing the value of the property that Chase had taken from the decedent's home. In response, Chase argues that this section of the Code refers to damages from vandalism and other physical damage, rather than from theft. The court agreed with the State and submitted the included offense of serious trespass under the theory that damages had been proven by the theft. The parties agree that unless the value of the property that was taken from the house is included there was no proof of damages in excess of one hundred dollars. Thus, the crucial question is whether the term "damage" is limited to the destruction of property, or whether it includes theft of property worth more than one hundred dollars. We hold that the term has a narrow meaning and is limited to the destruction of property.

The term "damage" is not defined in the Iowa Code nor have we interpreted it in relation to this chapter. Fortunately, the legislature has provided us with guidelines to use in construing statutes: "[W]ords and phrases shall be construed according to the context and approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning." Iowa Code § 4.1(2). In addition, it is well established that penal statutes are to be interpreted strictly with doubts therein being resolved in favor of the accused, *State v. Lawr,* 263 N.W.2d 747, 750 (Iowa 1978), and that they must give fair warning of what is prohibited. *State v. Price,* 237 N.W.2d 813, 815 (Iowa 1976). When a statute is plain and its meaning is clear, however, courts are not permitted to search for meaning beyond its express terms. *State v. Hocker,* 201 N.W.2d 74, 74 (Iowa 1972). We will apply these principles as we further examine the subsection in question.

We first look to the plain and ordinary meaning of the term "damage". It is defined as "loss due to injury; injury or harm to person, property, or reputation." *Webster's Third New International Dictionary* 570 (unabridged 1966). "Damage implies injury resulting in loss of value, completeness, efficiency, function." *Id.* at 1164. Apparently, the concept of theft is not included in this definition.

The context of the word "damage" also tends to show that the legislature plainly did not associate loss by theft as a damage in this subsection. In this subsection the word "damage" is restricted by the prepositional clause "to anything, animate or inanimate, located thereon or therein ...." The plain reading of the quoted language would be that the thing damaged would not be a person. Thus, the harm sought to be prevented is limited to the destruction or injury of things. In contrast, the damage caused by theft is premised on the loss to the owner due to the deprivation of his property or things. Iowa Code § 714.1.

Additionally, chapter 716 which contains both criminal mischief and criminal trespass is entitled "DAMAGE AND TRESPASS TO PROPERTY." Chapter 716 is intended to complement the theft material in chapter 714. J. Yeager and R. Carlson, 4 *Criminal Law and Procedure* § 371 (1979). "Unlike theft ... criminal mischief may often be motivated by the wanton impulse to destroy. Because the act is one of physical damage or destruction, the subject matter of criminal mischief must be tangible property, whether real or personal." *Id.*

We thus conclude from the plain meaning of the statute and the context in which it appears that the legislature did not intend that harm caused to a victim of theft by the deprivation of his property is evidence of damage under subsection (2). We find no legislative intent that we should ascribe to the term "damage" a meaning other than its ordinary meaning. *See State v. Jackson,* 305 N.W.2d 420, 422 (Iowa 1981).

The legislative history of subsection (2) provides additional support for our conclusion. The predecessor to section 716.8 was enacted by the legislature in 1971. Iowa Code ch. 729 (1971). The bill that was passed by the Senate and sent to the House provided for a fine, a jail term, or a fine and a jail term for a person who trespasses into a building and "causes any nuisance therein, or uses, misuses, destroys, or partially destroys any public or private property therein." 1971 S.J. 515. This version was replaced in committee with the present language: "Any person committing a trespass ... which results in ... damage in an amount more than one hundred dollars to anything ... located thereon or therein ...." *See* 1971 Iowa Acts ch. 274. The language of both versions focuses on the trespasser's actions toward personal or public property located on or in the unlawfully entered real property. Theft, on the other hand, focuses on conversion of the property to the person's own use, rather than destruction of it. Part of the reason for the statute's enactment was in response to the "destructive fallout of the demonstrations and protests" of the 1960's. *State v. Furnald,* 263 N.W.2d 751, 754 (Iowa 1978).

 In summary, we conclude that there was not substantial evidence of the element of damage to have submitted the crime of serious trespass to the jury. Consequently, there was not a factual basis for the submission of serious trespass as an included offense and we hold that the trial court erred by submitting it to the jury. The conviction must be reversed.

Defendant was acquitted on the charge of burglary in the second degree and cannot be tried again for that charge. Iowa Code § 816.1 (1981). Moreover, as the State failed to produce evidence to prove an essential element of serious trespass, Chase cannot be retried for that offense. *Bullington v. Missouri,* 451 U.S. 430, 442, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270, 281 (1981). As indicated earlier, simple trespass is a proper included offense of burglary in the second degree when burglary is proved in its entry alternative or in both the breaking and entry alternative. The evidence is sufficient to support submission of that offense to a jury. This matter is remanded for a retrial on simple trespass.

REVERSED AND REMANDED.