**Ex parte Andrew Lee MITCHELL, Applicant.**

**No. 1493–96.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 19, 1997.

Rehearing Denied April 15, 1998.

---

David L. Botsford, Austin, Clifton Holmes, Longview, for appellant.

Edward J. Marty, Asst. District Attorney, Tyler, Matthew Paul, State's Attorney, Austin, for State.

## OPINION ON APPLICANT'S PETITION FOR DISCRETIONARY REVIEW

MANSFIELD, Judge.

Applicant, Andrew Lee Mitchell, was convicted of the offense of capital murder alleged to have been committed on or about December 26, 1979. His conviction was affirmed on direct appeal. *Mitchell v. State*, 650 S.W.2d 801 (Tex.Crim.App.1983). Subsequently, applicant sought postconviction relief by filing a petition for writ of habeas corpus. Applicant alleged in his petition the State had withheld material exculpatory evidence, thereby denying his rights to due process and due course of law. This Court granted applicant's claim for relief and vacated his conviction and sentence. *Ex parte Mitchell*, 853 S.W.2d 1 (Tex.Crim.App.1993) (*Mitchell I*).

The State then scheduled applicant's case for retrial. Applicant, in order to prevent his retrial, filed the present petition for writ of habeas corpus. In his petition, applicant alleged the State's reprosecution of him for capital murder would violate his double jeopardy rights under both the United States and Texas Constitutions. Furthermore, applicant averred his reprosecution would violate his rights to due process and due course of law under the federal and state constitutions. The trial court denied relief, and the Twelfth Court of Appeals affirmed. *Mitchell v. State,*

963 S.W.2d 532 (Tex.App.—Tyler 1996) (*Mitchell II*).

Applicant, in his petition for discretionary review, alleged six grounds for review. We granted his petition for discretionary review to consider only the following two grounds:

1. The Court of Appeals erred in holding that applicant's reprosecution is not barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution due to the intentional prosecutorial misconduct that formed the basis of this Court's reversal of applicant's prior conviction.

2. The Court of Appeals erred in holding that applicant's reprosecution is not barred by the double jeopardy clause of Article I, Section 14 of the Texas Constitution due to the intentional (or reckless) prosecutorial misconduct that formed the basis of this Court's reversal of applicant's prior conviction.

We affirm the judgment of the Court of Appeals, thereby overruling both of applicant's grounds for review and denying relief.

In reversing applicant's conviction in *Mitchell I*, in a unanimous decision, this Court found the State suppressed material exculpatory evidence which could have been used to impeach the State's accomplice witnesses and the suppression of which undermined confidence in the verdict. The suppressed evidence consisted of statements by a game warden, Ralph East, and a Smith County deputy sheriff, Kelly Stroud. East and Stroud, in their statements, indicated they observed the victim alive ("as far as they could tell") sometime around midnight at the fireworks stand where he worked.[1] These statements contradicted testimony of the State's accomplice witnesses, who testified the offense was committed at least three hours prior to midnight. Other evidence introduced by the State placed appellant in the company of friends at midnight and thereafter at a club and motel in Tyler.

At the 1989 hearing held pursuant to the writ application which resulted in *Mitchell I*, it appeared that the existence of East's and Stroud's statements (which were in the possession of the Smith County Sheriff's Department) was not known to the Smith County District Attorney's Office. This Court found, however, the statements of East and Stroud were concealed by the Smith County Sheriff's Department. We found further the statements were material and exculpatory as they impeached the testimony of the accomplice witnesses on the critical issue of when applicant allegedly killed the victim. Thus, relying on our decision in *Thomas v. State*, 841 S.W.2d 399, 404–405 (Tex.Crim.App. 1992), we vacated applicant's conviction.

However, at the hearing held pursuant to the present writ application in July of 1996, it was revealed that the lead prosecutor at applicant's 1981 trial had knowledge of East's observations at the time of trial. Handwritten notes of the lead prosecutor referred to East's observations. It is therefore reasonable to conclude that not only did the Sheriff's Department fail to reveal East's potentially exculpatory statement to applicant at both the time of his trial as well as at the time of the 1989 hearing conducted as part of *Mitchell I*, but that the Smith County District Attorney's Office also failed to reveal East's statement to applicant despite having knowledge of its existence at the time of the 1981 trial. It is not clear whether the Smith County District Attorney's Office was aware of Stroud's statement either at the time of the 1981 trial or at the time of the 1989 hearing.[2]

---

1. The victim was found shot to death at the fireworks stand where he was employed. The indictment averred he was killed during a robbery of the fireworks stand. The two accomplice witnesses testified applicant shot and killed the victim at about 8:30 PM. There was no corroboration of the accomplice witnesses' testimony as to the time of the killing of the victim. East and Stroud did not speak to the victim; their conclusions that the victim was alive were based on seeing the victim sitting in front of a television at the fireworks stand as they drove by.

2. Applicant was notified before his 1981 trial that Ralph East was a witness; East was called and testified at the trial. The prosecutor, though he testified at the 1989 hearing, did not testify at the 1996 hearing, though he was available to do so. In *Mitchell I*, we held East's and Stroud's statements, which investigators for the Sheriff's Department claimed were equivocal and therefore not believable, should nonetheless have been revealed to applicant. *Mitchell I*, 853 S.W.2d at 4–5.

It is well-established that the State has an affirmative duty to make available to an accused, in a timely manner, exculpatory evidence which is in its possession. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Supreme Court, in *Brady*, held that "suppression by the prosecution ... violated due process ... irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. at 87, 83 S.Ct. at 1196–97.

*Brady* has been extended to include the required revelation to an accused of material exculpatory evidence in the possession of police agencies and other parts of the "prosecutorial team." *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Evidence whose value is limited to that of impeachment must also be divulged to the accused if the failure to do so by the State undermined confidence in the trial's outcome. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

■ It is significant to note the Supreme Court has consistently treated the failure by the State to divulge potentially exculpatory evidence (whether directly exculpatory or exculpatory as having impeachment value) as a violation of an accused's due process right to a fair trial where the failure undermined confidence in the trial's outcome. The remedy prescribed in such cases is reversal of his conviction and remand of the cause to the trial court for further proceedings. *Brady v. Maryland*, supra; *Kyles v. Whitley*, supra; *United States v. Bagley*, supra.

■ In numerous cases, most recently *Ex parte Davis*, 957 S.W.2d 9 (Tex.Crim.App. 1997), this Court has found reversal, and remand to the trial court for further proceedings, to be the proper remedy where the first trial was unconstitutionally tainted by prosecutorial misconduct. For example, in *Cook v. State*, 940 S.W.2d 623 (Tex.Crim.App.1996), we found prosecutorial misconduct, which included withholding of several pieces of potentially exculpatory evidence, combined with

the false and misleading testimony of the prosecution's expert, violated applicant's rights under the Due Process Clause of the United States Constitution as well as his rights under the due course of law provisions of the Texas Constitution. In *Davis*, the prosecutorial misconduct included misleading the jury as to the quality of the police investigation, the misrepresentation by the prosecution as to his interrogation of a key witness (as to why she changed her testimony) and the use of false and perjured testimony by the State's expert witness. While finding the behavior of the prosecutor to be reprehensible, we rejected applicant's contention that he was entitled to anything more than he had already received: reversal of his conviction on appeal.[3]

Applicant contends, however, that the double jeopardy clause of the Fifth Amendment to the United States Constitution bars his retrial because the reversal of this conviction was a result of intentional and egregious prosecutorial misconduct.

■ The United States Supreme Court has consistently held that when a trial proceeds to conclusion (i.e., a verdict) despite a legitimate claim of serious prejudicial error and the conviction is reversed on appeal, retrial is not automatically jeopardy-barred. *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). A retrial is barred on jeopardy grounds only if there is insufficient evidence to support the conviction. *United States v. Ball*, supra; *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Tateo*, 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964). The Supreme Court has held that where the State has *in bad faith* destroyed evidence favorable to the accused, retrial of the accused may be barred if the accused's due process rights are violated. *Arizona v. Youngblood*, 488 U.S. 51, 58–59, 109 S.Ct.

---

**3.** We have similarly found in at least two other instances, that reversal of applicant's conviction and remand to the trial court for further proceedings to be the proper remedy where appli-

cants' trials were tainted by serious prosecutorial misconduct. *Ex parte Adams*, 768 S.W.2d 281 (Tex.Crim.App.1989); *Ex parte Brandley*, 781 S.W.2d 886 (Tex.Crim.App.1989).

333, 337–38, 102 L.Ed.2d 281 (1988). The Court left open the question of whether, in such instances, retrial would be jeopardy-barred.

Underlying the Supreme Court's application of double jeopardy principles to instances where convictions have been reversed on appeal is the concept of "continuing jeopardy." Continuing jeopardy means, in effect, an accused may be retried after his conviction has been reversed on appeal because the proceedings against him never stopped. *Price v. Georgia, supra; Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 308, 104 S.Ct. 1805, 1813, 80 L.Ed.2d 311 (1984); *Montana v. Hall,* 481 U.S. 400, 402–403, 107 S.Ct. 1825, 1826, 95 L.Ed.2d 354 (1987).

> It is a venerable principle of double jeopardy jurisprudence that the successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the conviction [citation omitted], poses no bar to further prosecution on the same charge. . . . Corresponding to the right of the accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It would be a high price indeed for society were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they are now in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants' rights as well as society's interests.

*Montana v. Hall,* 481 U.S. at 400, 402–03, 107 S.Ct. at 1825, 1826, citing *United States v. Tateo,* 377 U.S. at 463, 466, 84 S.Ct. at 1587, 1589.

Viewed in the context of the concept of "continuing jeopardy" the Supreme Court's holding in *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) is logically consistent. In *Oregon v. Kennedy* the Court held the double jeopardy clause of the Fifth Amendment is not offended by a second prosecution for the same offense where the earlier proceeding was terminated as a result of the defendant's motion for mistrial unless the State *deliberately* set out to provoke the defendant's motion for mistrial, thereby violating the defendant's right under the double jeopardy clause to have his trial decided by the first tribunal. The granting of a motion for mistrial terminates the proceeding; the defendant's subsequent prosecution is a new proceeding. A retrial following a reversal, in contrast, is one uninterrupted proceeding.

Appellant does not direct us to any cases where the Supreme Court has explicitly extended *Oregon v. Kennedy* to apply to instances where verdicts of guilty have been reversed on appeal, due in whole or in part to prosecutorial misconduct, and thereby holding retrials as jeopardy-barred. The Second Circuit has held that double jeopardy would bar retrial after reversal "only where the misconduct of the prosecutor is undertaken, not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct." *United States v. Wallach,* 979 F.2d 912, 916 (2nd Cir.1992), *cert. denied,* 508 U.S. 939, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993). *See also, Robinson v. Wade,* 686 F.2d 298 (5th Cir.1982).[4]

Where the prosecutor's actions are engaged in with the intent to persuade the factfinder to convict, instead of acquit, there is no double jeopardy violation under the Fifth Amendment. This is true even if the conviction is due in part to reversible errors, including intentional misconduct on the part of the State. The accused's right under the double jeopardy clause to have his trial completed by the first tribunal is clearly protected where, as in the present case, it proceeded

---

4. The Seventh Circuit, however, concluded the double jeopardy clause does not bar a retrial following reversal of a defendant's conviction on appeal due to prosecutorial misconduct. *Bering-*

*er v. Sheahan,* 934 F.2d 110, 114 (7th Cir.1991). *See also, United States v. Doyle,* 121 F.3d 1078 (7th Cir.1997).

to conclusion, i.e., a verdict. Only where the prosecutor's intentional, and deliberate misconduct goads the accused into moving for a mistrial—and that motion is granted—is the accused's right to be tried *to verdict* by the first tribunal, a right afforded him by the double jeopardy clause of the Fifth Amendment, violated.[5] As there was no mistrial in the present case, we hold applicant's double jeopardy rights under the United States Constitution are not violated by the State's retrial of applicant following reversal of his conviction. To hold otherwise would be inconsistent with applicable Supreme Court precedent which we are not free to ignore. Applicant's first ground for review is overruled.

We turn next to applicant's second ground for review which posits his retrial is barred by the double jeopardy clause of the Texas Constitution. Applicant is correct in his assertion that this Court, as well as the Texas Supreme Court, has held the Texas Constitution gives greater protection in some instances to Texas citizens than does its federal counterpart. *Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App.1991); *Autran v. State,* 887 S.W.2d 31 (Tex.Crim.App.1994) (plurality op.); *Davenport v. Garcia,* 834 S.W.2d 4 (Tex.1992).

■ We have consistently held, however, that the Texas and United States constitutions' double jeopardy provisions provide substantially identical protections. *Phillips v. State,* 787 S.W.2d 391 (Tex.Crim.App. 1990); *Stephens v. State,* 806 S.W.2d 812 (Tex.Crim.App.1990). Until recently, we had applied the standard of review set forth by the United States Supreme Court in *Oregon v. Kennedy, supra,* to double jeopardy claims arising out of instances where mistrials were provoked by the State. Thus, retrial was not

barred by the Fifth Amendment's double jeopardy clause where the earlier proceeding was terminated by mistrial at the defendant's request unless the State deliberately set out to provoke the defendant's motion for mistrial. *Crawford v. State,* 703 S.W.2d 655 (Tex. Crim.App.1986); *Anderson v. State,* 635 S.W.2d 722 (Tex.Crim.App.1982).

■ In *Bauder v. State,* 921 S.W.2d 696 (Tex.Crim.App.1996), this Court held the following under the Texas Constitution's double jeopardy clause:

[A] second prosecution is jeopardy-barred after declaration of a mistrial at the defendant's request, not only where the objectionable conduct of the prosecutor was intended to produce a motion for a mistrial but also where the prosecutor was aware but consciously disregarded the risk that an event for which he was responsible would require a mistrial at the defendant's request.... He is accountable for mistrials properly granted by the trial judge when the events making a mistrial necessary were of his own deliberate or reckless doing.

*Bauder, supra,* at 699. Thus under the Texas Constitution, a retrial is jeopardy-barred not only where the State *deliberately* provoked the defendant's motion for mistrial (and such motion was granted), but also where the defendant's motion for mistrial was due to *reckless behavior* on the part of the State (and said motion was granted).

Recently we refused to extend our holding in *Bauder* to a case similar to the present case, *Ex parte Davis, supra.* In *Davis,* applicant contended *Bauder* should apply where a verdict of guilty has been reversed on appeal due, at least in part, to intentional or reckless prosecutorial misconduct. Thus,

---

5. As noted in the concurring opinion, the court of appeals emphasized *Oregon v. Kennedy's* key point, that the defendant's right under the double jeopardy clause to have his case tried to verdict by the first tribunal is denied where he is forced into moving for a mistrial due to intentional prosecutorial misconduct. "Where the prosecution goads a defendant into moving for a mistrial, the accused no longer retains that important primary control over the course of his trial; instead, he is forced to seek a mistrial before a

verdict is reached." *Mitchell II,* at 537, citing *Oregon v. Kennedy,* 456 U.S. at 674–76, 102 S.Ct. at 2089. As there was no mistrial in the present case, the court of appeals concluded correctly that while the prosecutorial misconduct complained of constituted a routine due process violation under *Brady v. Maryland* and its progeny, entitling applicant to a new trial, there was no infringement of applicant's rights under the double jeopardy clause which would bar his retrial. *See Mitchell II,* at 537–538.

retrial would be barred under the double jeopardy clause of the Texas Constitution regardless of whether there had been a mistrial or a reversal of conviction on appeal following a completed trial. This Court, however, declined to extend our holding in *Bauder*, limiting it to cases where a mistrial has been granted due to intentional or reckless prosecutorial misconduct.

■ Applicant, in the present case, does not persuade us that our holding in *Davis* is erroneous or that the traditional remedy of reversal of the conviction on appeal—where an accused's trial has been rendered constitutionally unfair due to prosecutorial misconduct—is insufficient under the Texas Constitution. Accordingly, we hold that the double

jeopardy clause of the Texas Constitution does not bar retrial of an accused whose conviction for the same offense has been reversed on appeal, or as the result of a post-conviction writ of habeas corpus proceeding, due to prosecutorial misconduct.[6,7]

We affirm the judgment of the Court of Appeals.

KELLER, J., concurs in the result.

MEYERS, Judge, concurring.

I concur in the judgment of the Court. Once again somewhat befuddled as to the reasoning behind the majority's holding,[1] I write briefly to express my opinion that the

---

6. We note the level of alleged prosecutorial misconduct in the present case is far less than that shown to have occurred in *Ex parte Davis* and in *Cook v. State*. While we do not condone what appears to be an act of deception committed by the prosecutor at the 1989 hearing (*Mitchell I*), we do note that East was called as a witness at applicant's trial and thus applicant had an opportunity to cross-examine East as to the time he last saw the victim alive. Nowhere in the proceedings below is there any indication the prosecutor was aware of Stroud's statement; nor was there any indication the Smith County Sheriff's Department intentionally, in bad faith, withheld it. This Court *essentially found the two statements, though relevant on the important issue of time of death and having impeachment value, were somewhat equivocal, though we found they should have been furnished to applicant. Mitchell I*, 853 S.W.2d at 4–5. Given this, it is difficult to accept applicant's assertion the State intentionally or knowingly suppressed evidence it knew would result in applicant's acquittal.

7. We *note further the cases cited by applicant in* support of his contention that we should interpret the double jeopardy clause of the Texas Constitution to bar retrial where an accused's conviction has been reversed on appeal due to prosecutorial misconduct involve instances where prosecutorial misconduct was pervasive, intentional and tainted nearly every phase of the trial. *State v. Breit*, 122 N.M. 655, 930 P.2d 792 (1996); *State v. White*, 85 N.C.App. 81, 354 S.E.2d 324, 329 (1987), aff'd, 322 N.C. 506, 369 S.E.2d 813 (N.C.1988). At least one state high court has held retrial to be barred under its state constitution's double jeopardy clause where the prosecution specifically took actions to prejudice the defendant to the point of denying him a fair trial. *Commonwealth v. Smith*, 532 Pa. 177, 615ʹ A.2d 321 (1992). Applicant does not demonstrate the existence of pervasive prosecutorial misconduct or intentional prosecutorial actions

which were designed to deprive him of a fair trial in the present case.

We further note that most state high courts have declined to interpret their state constitutions so as to bar, on double jeopardy grounds, retrials following reversals due, in whole or in part, to prosecutorial misconduct. *Fugitt v. State*, 253 Ga. 311, 319 S.E.2d 829 (1984); *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987); *State v. Chase*, 335 N.W.2d 630 (Iowa 1983).

1. The majority offers a number of reasons which it says supports its holding. The most puzzling of these is the proposition that today's holding is somehow supported by this Court's opinions in *Cook v. State*, 940 S.W.2d 623 (Tex.Crim.App. 1996), *Ex parte Adams*, 768 S.W.2d 281 (Tex. Crim.App.1989), and *Ex parte Brandley*, 781 S.W.2d 886 (Tex.Crim.App.1989). *Majority op.* at 578 & fn 3. In *Cook*, the defendant claimed on direct appeal that a retrial should be barred because the prosecutorial misconduct would unfairly taint retrial *under due process principles*. Although a double jeopardy claim was mentioned, the Court never addressed how jeopardy principles might be implicated in such situation and appears to have disposed of the issue only by addressing the due process claim. *Cook*, 940 S.W.2d at 628. Appellant presented a similar due process argument in support of his claim that retrial should be barred in this case, but we specifically declined to grant review of those grounds. *See* fn. 2, infra. While *Adams* and *Brandley* also involved prosecutorial misconduct, *no claim of double jeopardy was made* in those cases. In fact, the opinion in *Adams* notes that applicant there *was requesting a new trial*. *Adams*, 768 S.W.2d at 283 ("in his application for writ of habeas corpus, the applicant presents thirteen grounds to support his request for a new trial"). Although all of these cases involved prosecutorial misconduct, they have nothing to say about the issue on which we granted review in this case—a question of double jeopardy.

■

jeopardy analysis is essentially the same in this case as it was in *Ex parte Davis,* 957 S.W.2d 9 (Tex.Crim.App.1997), despite the factual differences between the two cases.

In *Davis,* supra, prosecutorial misconduct came to light during the trial, prompting the defendant to move for a mistrial. The mistrial was denied, although the Court of Appeals determined that it should have been granted. The question presented to this Court was "whether a defendant is entitled to have retrial jeopardy barred after an appellate court determines that his motion for mistrial based on prosecutorial misconduct (whether it be misconduct repugnant to *Kennedy,* supra, or *Bauder v. State,* 921 S.W.2d 696 (Tex.Crim.App.1996), was erroneously denied." *Davis,* at 17 (Meyers, J., concurring). The holding and reasoning of the majority in *Davis* is not abundantly clear to me, but in my view jeopardy was not a bar to retrial in the circumstances presented for the following reasons:

> When the State's conduct does not in fact invoke the mistrial, then the defendant gets his right to be tried in a single proceeding by the jury first selected, although admittedly the proceeding has been tainted. Once a proceeding to verdict has occurred, a defendant's double jeopardy rights are not implicated by a mistrial situation. There has not been a mistrial. The fact that there *should have been* a mistrial is trial error that the defendant can raise on appeal, to which jeopardy principles do not apply.

*Davis,* at 19 (Meyers, J., concurring).

In the instant case, appellant did not know of the prosecutorial misconduct until after the trial. Clearly, it was too late to move for a mistrial. Appellant obtained a reversal of his conviction pursuant to a post-conviction writ of habeas corpus, and now claims in this pretrial writ that jeopardy should barr his retrial due to the prosecutorial misconduct which tainted his previous conviction. Appellant is wrong for the same reason the defendant in *Davis* was wrong—the prosecutorial misconduct did not result in a loss of the rights protected by the double jeopardy clause. Unfair as it may seem, double jeopardy does not bar retrial when the prosecutorial misconduct did not actually lead to a mistrial. It matters not whether the mistrial did not take place because the defendant's motion for mistrial was erroneously denied (*Davis* ) or because the prosecutorial misconduct was not discovered until after the trial (the instant case). In either case, the defendant's right to be tried in a single proceeding by the first jury selected was not abridged due to the State's misconduct.[2]

The Court of Appeals, although only mentioned in a footnote by the majority today, concluded appellant's double jeopardy rights were not implicated because he was not denied his right to be tried by a particular tribunal. The Court of Appeals got the issue exactly right, even without the benefit of *Davis.*

I agree the judgment of the Court of Appeals should be affirmed.

BAIRD, Judge, dissenting.

The State contends the protections against double jeopardy do not guarantee a trial free from prosecutorial misconduct. (State Pros-

**2.** A defendant is not without options when no mistrial has, for whatever reason, resulted from the alleged misconduct. He can still seek a reversal of his conviction based on the misconduct, as appellant did here, pursuant to a post-conviction writ of habeas corpus. *See Mitchell,* supra; *see also Ex parte Kimes,* 872 S.W.2d 700 (Tex.Crim.App.1993)(claim that prosecutor violated applicant's right to due process by failing to turn over *Brady* material was cognizable in post-conviction application for writ of habeas corpus). If the State elects to retry him after that reversal, and he is convicted, he may claim on appeal that his second trial was so tainted by the misconduct

that it was unfair. He may also attempt to claim in a pretrial writ of habeas corpus that a retrial would not be fair on due process grounds because it would be tainted by the misconduct. Appellant presented such argument in grounds for review five and six of his petition for discretionary review, but those grounds were not granted. It may be that a pretrial writ is not an appropriate vehicle by which to raise such due process claims since arguably the issue could resolved on appeal after the retrial. *See* GEORGE E. DIX, ROBERT O. DAWSON, 43 TEXAS PRACTICE § 47.61 (1995 ED.).

ecuting Attorney's Brief at 12.) Specifically, the State argues that "it is not enough to show that the State engaged in the misconduct intending to avoid an acquittal." *Id.*, at 16. Under the State's argument, the only way for the double jeopardy protections to bar retrial is to show "that the State engaged in the misconduct intending to avoid an acquittal by *terminating the proceedings short of disposition by the court or jury.*" *Ibid.* (Emphasis in original.) The majority accepts this argument, stating: "Where the prosecutor's actions are engaged in with the intent to persuade the factfinder to convict, instead of acquit, there is no double jeopardy violation under the Fifth Amendment. This is true even if the conviction is due in part to reversible errors, *including intentional misconduct on the part of the State.*" *Ante* at 579.[1] I cannot agree. Believing the United States and Texas Constitutions should bar retrial based upon prosecutorial misconduct, regardless of whether the proceedings reached a verdict, and irrespective of whether the misconduct was amenable to immediate discovery or covert and discoverable only after trial, I dissent.

## I.

The beliefs I hold regarding this issue were stated recently in *Ex parte Davis,* 957 S.W.2d 9 (Tex.Cr.App.1997) (BAIRD, J., dissenting). However, I write in this case to again address the serious legal flaw the majority makes. The majority would have us believe because applicant fails to direct us to a United States Supreme Court case on point, he loses. *Ante* at 579. We have *never* held that as the legal standard in this Court.[2] The inquiry into whether our State Constitution provides greater protection than its Federal counterpart is no easy task and the

resolution of such an issue should not be taken lightly. This Court's duty as final interpreter of the State Constitution demands more from us, and we should not shirk our responsibilities simply because there is no case on point. *See, Crittenden v. State,* 899 S.W.2d 668, 677 (Tex.Cr.App.1995) (BAIRD, J., dissenting).

The majority argues "that most state high courts have declined to interpret their state constitutions so as to bar, on double jeopardy grounds, retrials following reversals due, in whole or in part, to prosecutorial misconduct." *Ante* at 581, n. 6. For this proposition, three cases are cited. *Ibid.* However, at least five states have held their constitutions do bar retrial after reversal for prosecutorial misconduct. *See, State v. Smith,* 532 Pa. 177, 615 A.2d 321 (1992) (The double jeopardy clause of the Pennsylvania Constitution prohibits retrial not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.); *State v. Breit,* 122 N.M. 655, 930 P.2d 792 (1996) (Retrial is barred under New Mexico Constitution when improper official conduct is so unfairly prejudicial that it cannot be cured by means short of a mistrial or motion for new trial.); *State v. Colton,* 234 Conn. 683, 663 A.2d 339 (1995) (Retrial is barred if the defendant proves the State engaged in prosecutorial misconduct undertaken with the deliberate purpose of depriving the defendant of his double jeopardy protections.); *Collier v. State,* 103 Nev. 563, 747 P.2d 225 (1987) (The *Oregon v. Kennedy* exception has also been extended to cases in which the motion for mistrial was denied and the judgment was subsequently reversed because of the

---

1. All emphasis is supplied unless otherwise indicated.

2. This Court has held the Texas Constitution provides greater rights than the United States Constitution in at least four cases. *See, Bauder v. State,* 921 S.W.2d 696 (Tex.Cr.App.1996); *Autran v. State,* 887 S.W.2d 31 (Tex.Cr.App.1994); *Richardson v. State,* 865 S.W.2d 944 (Tex.Cr.App. 1993); and, *Heitman v. State,* 815 S.W.2d 681 (Tex.Cr.App.1991). *See also, O'Quinn v. State Bar of Texas,* 763 S.W.2d 397, 402 (Tex.1988)

(We are free to read our own Constitution more broadly than the Supreme Court reads the Federal Constitution, or to reject the mode of analysis used by the Supreme Court in favor of a different analysis of its corresponding constitutional guarantee.) (citing *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 293, 102 S.Ct. 1070, 1077, 71 L.Ed.2d 152 (1982)); and, *LeCroy v. Hanlon,* 713 S.W.2d 335, 338 (Tex.1986) (The Texas Bill of Rights affords protection beyond that provided by the United States Constitution.).

prosecutorial misconduct which precipitated the motion for mistrial.); *State v. Cochran,* 51 Wash.App. 116, 751 P.2d 1194 (1988) (Although the *Oregon v. Kennedy* rule generally applies to mistrials, the exception should apply with equal weight to appellate reversals resulting from prosecutorial misconduct.).

Further, a majority of the federal circuits agree that certain narrowly defined acts of prosecutorial misconduct may bar retrial after appellate reversal. *See, Robinson v. Wade,* 686 F.2d 298 (5th Cir.1982); *United States v. Doyle,* 121 F.3d 1078 (7th Cir.1997); *United States v. Wallach,* 979 F.2d 912 (2nd Cir.1992); *United States v. Quinn,* 901 F.2d 522 (6th Cir.1990); *United States v. Singer,* 785 F.2d 228 (8th Cir.1986); *United States v. Curtis,* 683 F.2d 769 (3rd Cir.1982); and *United States v. Rios,* 637 F.2d 728 (10th Cir.1980).

In the instant case, the hidden malfeasance of the State was not discovered until years after applicant's trial. Therefore, applicant could not have requested a mistrial based upon prosecutorial misconduct. A rogue prosecutor or inept jurist should never be able to deny applicant his constitutional guarantees. *See, Davis, supra; Cook v. State,* 940 S.W.2d 623, 629 (Tex.Cr.App.1996) (BAIRD, J., concurring and dissenting opinion).

### III.

It is no inconsequential matter that the United States Constitution begins: "We the People of the United States, in Order to form a more perfect Union, establish *Justice . . . .*" The goal of our judicial process should be fairness, not falsehoods. The people of Texas deserve prosecutors who seek justice, not unjust convictions. In a democracy, when justice is denied to some, it is denied to all. If our Constitutional rights are to remain secure, they must be preserved. It is not popular but it is our duty.

With these comments, I dissent.

OVERSTREET, J., joins this opinion.

Appellant's motion for rehearing of petition for discretionary review denied.

PRICE, Judge, concurring.

I concur with the denial of applicant's motion for rehearing. According to our "hand down" sheet, this Court granted all six of applicant's grounds for review. However, a review of our voting record indicates that a majority of this Court agreed to grant review on only the two grounds addressed in the opinion; the implication in the "hand down" sheet to the contrary was due to a clerical error. Therefore, we need not address applicant's other grounds for review.

BAIRD, Judge, dissenting.

Our summary denial of applicant's motion for rehearing wholly ignores the fact that our opinion on original submission failed to address four grounds for review which we agreed to consider.

On original submission, the majority stated we granted only two grounds for review. *Ex Parte Mitchell,* 977 S.W.2d 575, 576 (Tex. Crim.App.1997). And the concurring opinion states we granted review on only grounds one and two. *Id.,* at 581, n. 1 & 2 (Meyers, J., concurring). However, the records of the clerk of this Court indicate applicant's petition for discretionary review which raised six grounds for review was granted without limitation on January 29, 1997. The case "shuck" indicates that all grounds for review were granted. Additionally, the parties briefed all six grounds for review.

When a motion for rehearing informs us that we failed to resolve grounds for review that we agreed to consider, we should not dismiss the motion. Instead, we should either address those grounds, explain why they need not be addressed, or dismiss them as improvidently granted.

Because the majority fails to do so, I dissent to the denial of appellant's motion for rehearing.