Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-11-00093-CR

Ex Parte Asel **ABDYGAPPAROVA**

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2001CR4918A
Honorable Ron Rangel, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  September 7, 2011

AFFIRMED

Asel Abdygapparova appeals the denial of habeas corpus relief.  In her application, she

contends that double jeopardy protections prevent the State from trying her a second time on a

charge of capital murder after her initial conviction was reversed by this court.  We affirm the

trial court's order.

### BACKGROUND

Abdygapparova was convicted of capital murder by a jury, and a life sentence was

imposed.  *Abdygapparova v. State*, 243 S.W.3d 191, 195 (Tex. App.—San Antonio 2007, pet.

ref'd).   On appeal, this court reversed the conviction, holding the trial court, precluded

Abdygapparova from receiving a fair trial and violated her due process rights by engaging in ex

parte communications with the prosecutor during the trial. *Id.* at 208-10. The case was remanded for a new trial. *Id.* at 210.

## DISCUSSION

Abdygapparova filed an application for a writ of habeas corpus in the trial court, challenging the State's right to try her a second time. In her application and on appeal, Abdygapparova incorrectly characterizes this court's previous opinion as holding prosecutorial misconduct occurred in the original trial and formed a basis for the reversal. Based on this misperception, Abdygapparova cites to *Oregon v. Kennedy*, 456 U.S. 667 (1982), and *Ex parte Masonheimer*, 220 S.W.3d 494 (Tex. Crim. App. 2007), as authority for her contention that retrial is barred by double jeopardy protections. However, neither case supports Abdygapparova's argument that she is afforded double jeopardy protections when she successfully obtained a new trial based on the absence of an impartial judge.

In *Oregon v. Kennedy*, the court addressed the issue of when the Double Jeopardy Clause bars a retrial when the first trial is terminated by a defendant's request for a mistrial. 456 U.S. at 672-73. In doing so, the court reiterated two general rules: 1) when a defendant moves for a mistrial, the Double Jeopardy Clause is usually no bar to retrial, and 2) if a defendant successfully appeals on a point upon which a mistrial should have been, but was not granted, the Double Jeopardy Clause does not bar a retrial. *Id.* at 673, 676. The court stressed that the exception to these general rules is narrow. *Id*. at 673. The court held double jeopardy protection was extended only to cases where a mistrial was granted due to prosecutorial misconduct that was intended to "goad" the defendant into requesting the mistrial. *Id*. at 673-76.

In *Masonheimer*, the defendant had been subjected to two previous trials, each of which was terminated by a defense-requested mistrial because the prosecution failed to produce *Brady*

material. The defendant was granted habeas corpus relief and the Court of Criminal Appeals affirmed. *Id.* at 506, 508-09. In doing so, it did not rely on the express holding in *Oregon v. Kennedy* that the applicant must demonstrate the prosecutor engaged in conduct with the intent to provoke the defense to request a mistrial. Rather, the majority examined cases cited with approval in *Oregon v. Kennedy* in which relief had been granted because the prosecution acted with intent to avoid a probable acquittal. *Id.* at 507-08. Ultimately, the court stated:

> Keeping in mind that we are required to view the evidence in the light most favorable to the trial court's ruling that prosecuting appellee a third time is jeopardy-barred, we are constrained to decide that the extensive portions of the record set out in this opinion support a finding that appellee's mistrial motions were necessitated primarily by the State's "intentional" failure to disclose exculpatory evidence that was available prior to appellee's first trial with the specific intent to avoid the possibility of an acquittal. Under *Oregon v. Kennedy,* this deliberate conduct, accompanied by this specific *mens rea,* bars a retrial.

*Id.* (footnote omitted).

Neither *Kennedy* nor *Masonheimer* alters the traditional rule that double jeopardy does not bar a retrial when a defendant successfully reverses a conviction on appeal. *See Montana v. Hall*, 481 U.S. 400, 402 (1987); *Ex parte Mitchell*, 977 S.W.2d 575, 579-81 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 873 (1998). A retrial is not barred by double jeopardy unless the prosecutor engaged in the conduct with the intent to provoke the defense to request a mistrial or the prosecutor intentionally engaged in the conduct with the intent to avoid an acquittal. *Ex parte Lewis*, 219 S.W.3d 335, 336 (Tex. Crim. App. 2007); *Masonheimer*, 220 S.W.3d at 507-08.

Abdygapparova urges this court to fashion a new remedy when, as in this case, the trial court's bias might have prevented it from granting a mistrial for prosecutorial misconduct if properly requested, thus depriving Abdygapparova of the protections afforded under *Oregon v. Kennedy*. We decline to do so. Under the *Oregon v. Kennedy* standard, a defendant is required

to prove the State acted with intent to avoid a probable acquittal. 456 U.S. at 679. Abdygapparova offers no evidence such was the prosecutor's intent in this case. Furthermore, the protections afforded by double jeopardy are "neither another form of due process protection ensuring the propriety of the criminal trial nor a means to protect against outrageous government conduct." *Ex parte Lewis*, 219 S.W.3d 335, 358 (Tex. Crim. App. 2007) (quoting *People v. Batts*, 68 P.3d 357, 377 n. 23 (Cal. 2003), *cert. denied*, 540 U.S. 1185 (2004)).

We affirm the trial court's order denying habeas corpus relief.

Steven C. Hilbig, Justice

DO NOT PUBLISH