**AFFIRM; and Opinion Filed September 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00755-CR

### EX PARTE BENJAMIN KNIGHTEN BURCH

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F09-00319-Q**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

Benjamin Burch appeals the trial court's order denying his pretrial application for writ of habeas corpus. In three issues, appellant contends the trial court erred in denying his application because the State's prosecution subjects him to double jeopardy and is barred by laches. We affirm the trial court's order.

### BACKGROUND

A jury convicted appellant of possession with intent to deliver cocaine in an amount of one gram or more but less than four grams. The trial court sentenced appellant to twelve years' imprisonment. On appeal, this Court reversed the conviction and remanded the case because the trial court violated appellant's Sixth Amendment right to confrontation when it admitted into evidence the lab report of a drug analyst who was unavailable to testify at trial. *See Burch v. State*, No. 05-10-01389-CR, 2012 WL 2226456 (Tex. App.—Dallas June 18, 2012) (not designated for publication), *aff'd*, 401 S.W.3d 634 (Tex. Crim. App. 2013).

On remand, during the pretrial hearing, appellant raised a plea in bar contending a new trial subjects him to double jeopardy and the doctrine of laches should apply. After the trial court denied his plea in bar, appellant filed his application for writ of habeas corpus again raising double jeopardy and laches. After conducting a hearing, the trial court denied relief.

## STANDARD OF REVIEW

An applicant for habeas corpus relief must prove the applicant's claims by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id.* This deferential review applies even if the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

## ANALYSIS

In his first two issues, appellant contends further prosecution of the case is barred by the double jeopardy clauses of the state and federal constitutions. *See* U.S. CONST., amend. V; Tex. Const. art. I, §14. Appellant contends that without the testimony of the drug analyst and the lab report, the State could not prove the substance he possessed was cocaine or the amount of the substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (a), (c) (West 2010) (setting forth elements of the offense). Had the lab report been excluded from evidence, appellant contends he would have been found "not guilty" at trial. Appellant blames the State for failing to secure the

necessary witness's testimony and he contends it is unfair to subject him to a second trial when the State presented legally insufficient evidence in the first one.

As appellant concedes, the United States Supreme Court has long held that when a trial verdict is reversed on appeal because of trial error, such as improperly admitted evidence, the Double Jeopardy Clause does not bar a second trial. *See Lockhart v. Nelson*, 488 U.S. 33, 38 (1988). Although appellant argues for a more expansive rule in Texas, the Texas Constitution's double jeopardy provision has been read as providing coextensive protection to the Double Jeopardy Clause of the United States' Constitution. *See Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997).

Appellant contends his case should be viewed as falling within an exception to the general rule applying the jeopardy bar when a case is reversed for legal insufficiency of the evidence. *See Burks v. United States*, 437 U.S. 1, 16–17 (1978). The United States Supreme Court has expressly rejected appellant's reasoning. When a defendant's conviction is reversed because inadmissible evidence was presented, double jeopardy does not bar a second trial even if the State's evidence would have been legally insufficient but for the inadmissible evidence. *See Lockhart*, 488 U.S. at 40–41. Because appellant's conviction was reversed for trial error and not for legal insufficiency of the evidence, we conclude double jeopardy does not bar a second trial. *See id*. at 38; *Ex parte Davis*, 957 S.W.2d 9, 14–15 (Tex. Crim. App. 1997) (holding retrial was proper after reversal on appeal for due process violations).

Appellant next contends his case should fall within exceptions to the general rule carved out for situations involving certain types of State misconduct. *See Arizona v. Youngblood*, 488 U.S. 51, 58–59 (1988) (retrial barred on due process grounds when State acting in bad faith destroyed evidence favorable to accused); *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982) (double jeopardy bars retrial after mistrial when State engages in deliberate misconduct intended to goad

accused into moving for mistrial); *Ex parte Masonheimer*, 220 S.W.3d 494, 507–08 (Tex. Crim. App. 2007) (intentional prosecutorial misconduct in withholding exculpatory evidence resulting in mistrial triggers double jeopardy protections). Appellant asserts the prosecutor committed intentional misconduct by knowingly or recklessly proceeding to trial with inadmissible evidence. Appellant offers no proof of his assertions. The trial prosecutor was not called to testify in the habeas proceeding. Moreover, this case involves a reversal on appeal rather than a mistrial. Double jeopardy does not bar a retrial in cases that proceed to verdict and are then reversed on appeal for prosecutorial misconduct. *See Mitchell*, 977 S.W.2d at 579–80; s*ee also Masonheimer*, 220 S.W.3d at 508 (distinguishing mistrials from cases reversed on appeal in *Oregon v. Kennedy* analysis). We overrule appellant's first and second issues.

In his third issue, appellant contends the doctrine of laches should bar further prosecution. Appellant contends the State proceeded with trial relying on wholly insufficient evidence in the face of United States Supreme Court authority showing the lab report at issue was inadmissible without the testimony of the drug analyst who prepared it. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009). Appellant asserts the State consciously delayed his case to obtain a tactical advantage over him and, therefore, further prosecution should be barred. The State responds that laches is not among the limited issues one may raise by pretrial application for writ of habeas corpus. Alternatively, the State responds there was no unreasonable or excessive delay in this case and no prejudice to appellant. We agree with both of the State's positions.

A pretrial habeas application, followed by an interlocutory appeal, is an extraordinary remedy and appellate courts must be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be subject to review at the pretrial stage. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). Appellant offers no authority holding

–4–

that the doctrine of laches should be the subject of a pretrial habeas application. We note that Texas courts have held that alleged speedy trial violations cannot be brought in pretrial habeas proceedings. *See Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

Moreover, even if we could exercise jurisdiction over appellant's issue, there is no evidence before us that would justify the application of the doctrine of laches to this case. Laches is an equitable remedy employed to prevent a party from asserting a neglected right or claim when the lapse of time and other circumstances cause material prejudice to the other party. *See Ex parte Perez*, 398 S.W.3d 206, 210 (Tex. Crim. App. 2013). In this case, the court of criminal appeals issued its opinion affirming the reversal of appellant's conviction on June 26, 2013. The trial court conducted the pretrial hearing wherein appellant asserted his plea in bar on September 10, 2013. Nothing in the record shows neglect or lack of diligence on the State's part. We conclude the trial court did not abuse its discretion in rejecting appellant's laches contention. We overrule appellant's third issue.

We conclude appellant has not shown by a preponderance of the evidence that the trial court abused its discretion in denying relief on his application for writ of habeas corpus. *See Kniatt*, 206 S.W.3d at 664. We affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140755F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE BENJAMIN BURCH

No. 05-14-00755-CR

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-00319-Q.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 18th day of September, 2014.